## P. J. WILLIS & BRO. v. D. MIKE ET AL.

### No. 2792.

1. **Business Homestead—Attachment.**—A lien can not be fixed upon a business homestead by the levy of an attachment against the owner upon it.

2. **Same—Sale of Business Homestead.**—A voluntary conveyance of the business homestead passes the title to it against attachment proceedings levied upon the property while used as the place of business, etc., before such voluntary conveyance.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*George E. Mann* and *J. E. Butler*, for appellants.—Court erred in finding that there could be no foreclosure of lien of attachment because the store house levied on was homestead of D. Mike. The facts show that after the levy, but before the decree, D. Mike abandoned the intention

of using said store house for business or applying it by sale for the support of the family, and conveyed it by deed of gift to his son John Mike. John Mike was then made a party defendant to the attachment suit, and D. Mike had no interest in property at date of decree. The homestead exemption of D. Mike, abandoned by intention shown in giving away the property pending the *de facto* levy, could not defeat the foreclosure of a levy that *eo instanti* on abandonment because a *de jure* levy. Thompson v. Comstock, 59 Texas, 318; Whitehead v. Nickelson, 48 Texas, 529; Baird v. Trice, 51 Texas, 560; Allison v. Shilling, 27 Texas, 450; Brewer v. Wall, 23 Texas, 585; Wright v. Straub, 64 Texas, 66; Rev. Stats., art. 160.

*J. D. Thomas*, for appellees. — 1. The store house being the business homestead at date of the levy, no lien on it was acquired. Const., art. 16, sec. 50; Hargadene v. Whitfield, 71 Texas, 482; King v. Harter, 70 Texas, 579; Medlenka v. Downing, 59 Texas, 32; McDonald v. Campbell, 57 Texas, 618; Beard v. Blum, 64 Texas, 61; McDannell v. Ragsdale, 71 Texas, 23; Gassoway v. White, 70 Texas, 475; Scheuber v. Ballow, 64 Texas, 166; Brooks v. Collins, 11 Bush, 622.

2. No creditor of D. Mike had a right to complain of the conveyance to John B. Mike. Wood v. Chambers, 20 Texas, 247; Martel v. Somers, 26 Texas, 559; Cox v. Shropshire, 25 Texas, 113.

STAYTON, CHIEF JUSTICE.—Appellants were creditors of D. Mike, who was insolvent. Other creditors had caused writs of attachment to be levied on a stock of goods which belonged to the debtor, and on December 26, 1887, appellants caused a writ of attachment to be levied on the store house in which he had conducted a mercantile business.

On January 21, 1888, D. Mike, joined by his wife, made a voluntary conveyance of the store house to John Mike, their son, and the court found that up to the time that conveyance was made D. Mike continued to use the house in such manner and for such purpose as to continue its exemption from forced sale.

John Mike having been made a defendant, appellants on final hearing asserted lien through the levy of attachment and asked its foreclosure, but this the court refused, on the ground that the levy of attachment gave no lien.

The Constitution not only protects the homestead from forced sale except for enumerated debts, but goes further and declares that "no mortgage, trust deed, or other lien on the homestead shall ever be valid except for the purchase money therefor or improvements made thereon, as hereinbefore provided."

In view of this broad declaration, it is clear that no lien can be acquired on any part of a homestead by the levy of a writ of attachment or any other process.

In this respect the law makes no difference between that part of the homestead used to shelter the family and that part used as a place where the head of the family pursues his business.

As said in Inge v. Cain, 65 Texas, 80: "We are of opinion that the clause quoted from the Constitution of 1876 renders all liens upon the homestead, not expressly excepted, absolutely void, and they are not vitalized by the divestiture of the homestead character.. The owner is no longer tempted to stake the home of his family upon desperate or delusive sureties, and the creditor can no more gamble upon the chances of the cessation of homestead use."

The proposition asserted is that the "court erred in finding that there could be no foreclosure of lien of attachment because the store house levied on was homestead of D. Mike, because the facts show that after the levy but before the decree D. Mike abandoned the intention of using said store house for business, or applying it by sale for the support of the family, and conveyed it by deed of gift to his son John Mike, and John Mike was then made a party defendant to the attachment suit, and D. Mike had no interest in property at date of decree; and the homestead exemption of D. Mike, abandoned by intention shown in giving away the property pending the *de facto* levy, could not defeat the foreclosure of a levy that *eo instanti* on abandonment became a *de jure* levy."

By whatever name we may designate the levy of a writ intended as a step in the course of procuring a forced sale of property, if the levy does not give lien it can not arise from the fact that the condition of the property as to use or ownership may be changed subsequently to the levy.

The proposition assumes that the levy gave lien which could not be enforced so long as the property remained the homestead of the debtor, but that when it ceased so to be owned and used the lien might be enforced.

The vice in the proposition consists in its assumption that the levy gave any lien whatever. This is a proceeding to foreclose lien claimed,. which in so far must fall for want of lien.

If appellants, as creditors, were in situation to attack the conveyance to John Mike, we do not see that they would have any standing.

By the very act through which the property ceased to be homestead it became the property of John Mike, and under the former decisions in this State we would be required to hold that the conveyance to him, though voluntary, passed title freed from all claim of creditors of his father. Miller v. Menke, 56 Texas, 559; Inge v. Cain, 65 Texas, 81; Wood v. Chambers, 20 Texas, 247; Cox v. Shropshire, 25 Texas, 113;. Martel v. Somers, 26 Texas, 559; Hargadene v. Whitfield, 71 Texas, 488.

John Mike not being a resident of the county in which this action was brought, by plea asserted his privilege to be sued in the county of his. residence, which was overruled, and this ruling he assigns as error.

In view of the disposition the questions before referred to will require to be made of the case, it does not become necessary to pass on his assignment.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered February 11, 1890.