CITY OF DALLAS ET AL. V. GEO. T. ATKINS ET AL.

No. 3291.   Decided June 23, 1920.

(223 S. W., 170).

**1.—Cities—Local Assessments—Personal Charge.**

The charter of a city which authorized its governing powers to pro-
vide by ordinance, in case of condemnation of land for widening a street,
that the cost should be paid by those owning property in the immediate
vicinity, conferred power to impose a personal liability on such property
owners to meet the cost.   (P. 630).

**2.—Same—Homestead.**

The city charter conferring power to make property owners personally
liable for the cost of street improvement, such liability may be imposed
though the property was used as a residence homestead.   Storrie v. Cortes,
90 Texas, 283, followed.   (P. 630).

**3.—Same—Lien on Homestead.**

The constitution forbids the creation of a lien on the homestead to
pay the cost of street improvements.   Higgins v. Bordages, 88 Texas, 458;
Storrie v. Cortes, 90 Texas, 283, followed.   (P. 631).

**4.—Same—Married Woman.**

Personal liability for cost of local street improvements may be im-
posed by a city under adequate charter powers upon an owner of adjoining
property though it be separate estate of a married woman. Spears v. City
of San Antonia, *ante*, p. 618, followed.   (P. 631).

**5.—Same—Agreeing on Compensation.**

Under a charter authorizing a city to assess the cost of street improve-
ments on benefited property and its owners 'if the amount of such com-
pensation shall not be agreed upon,' nothing further is requred than that
there should have been no agreement between the city and the owner
precedent to the authorized steps to assess and collect such cost.   The
city need not plead or prove that it took steps to secure such agreement.
(P. 631).

**6.—Street Improvement—Local Assessments—Joint Owners.**

Where several persons jointly own property, and an assessment is
made against them as such owners to meet part of the cost of a street
improvement, it is essential to separate the amount of the liability of each
owner.   City of Paris v. Tucker, 101 Texas, 99, followed.   (P. 631).

**7.—Injunction—Appeal—Separating Good Parts from Bad.**

A temporary injunction against local assessment of costs of street
improvements upon property and its owners personally having been prop-
erly granted as to attempted creation of liens on homesteads and assess-
ments against joint owners without apportionment between them, an appeal
which sought only a complete reversal of the judgment and furnished the
appellate court with no basis for its reform as to parties or property with
respect to which it was unauthorized, must result in affirmance of the judg-
ment granting injunction.   (Pp. 631. 632).

.Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Atkins and others obtained temporary injunction restraining the City of Dallas and its officers from enforcing assessments against property of plaintiffs and their personal liability for costs of widening a street, under proceedings by virtue of the charter and ordinances of the city. Defendants appealed, and on affirmance (197 S. W., 593) obtained writ of error.

*L. R. Callaway,* *Lee Richardson, Royall R. Watkins, J. J. Collins,* *City Attorney, L. M. Dabney, C. F. O'Donnell, R. J. McMillian, Taliaferro, Cunningham & Birkhead, Augustus McCloskey,* and *L. H. Flewellen,* for plaintiffs in error.

The cost of local improvements under a condemnation proceeding conducted under the provisions of the Charter of the City of Dallas may be legally assessed against the owner and property lying in the immediate vicinity and specifically benefited by such local improvement. A special assessment levied against property in the immediate vicinity of a local improvement constitutes a personal liability against the owner of such property. Lufkin v. City of Galveston, 58 Texas, 545; Kettle v. City of Dallas, 80 S. W., 874; Charter of the City of Dallas, art. II, sec. 5; Charter of the City of Dallas, art. VII, sec. 24; Charter of the City of Dallas, art. XIV, sec. 10; Storrie v. Cortes, 90 Texas, 283; Lovenberg v. Galveston, 42 S. W., 1024; Bennison v. Galveston, 44 S. W., 613; Walston v. Nevin, 128 U. S., 578.

Where the statutory authority authorizes the institution of condemnation proceedings if the amount of compensation shall not be agreed upon by the City and the owner of the property sought to be taken and condemned, it is not necessary, in order to authorize such condemnation proceedings, that it should be affirmatively shown that an effort was made to reach such agreement; but it is only necessary for it to be affirmatively shown that such agreement was not in fact made. Charter of the City of Dallas, art. XI, sec. 5, page 94.

Where the charter of a city authorizes a city in a condemnation proceeding for the opening or widening of a street to impose a personal liability upon the owner of the property found to be benefited by such improvement, an ordinance imposing a personal liability upon the owner of such property is not void but is valid and fixes a legal liability upon the owner of such property for such assessment. And this is true even though it may be held under the law that no valid lien can be fixed against the property in question. Charter of the City of Dallas, art. XI, sec. 5; Charter of the City of Dallas, art. VII, sec. 24; Charter of the City of Dallas, art. XIV, sec. 10; Storrie v. Cortes, 90 Texas, 283; Lovenberg v. Galveston, 42 S. W.

1024;   Bennison v. Galveston, 44 S. W., 613;   Walston v. Nevin, 128 U. S., 578

*Flippen, Gresham & Freeman, W. C. Kimbrough, W. L. Crawford, Reed & Lowrance, Allen Charlton, Burgess, Burgess, Christman & Brundidge, J. Hart Willis,* and *Thompson, Knight, Baker & Harris,* for defendants in error.—The proceedings under which the City of Dallas undertook to condemn property on Masten Street and to assess against property owners the supposed cost of widening the street were and are unconstitutional and void, both under the Constitution of the United States of America and under the Constitution of the State of Texas.   Norwood v. Baker, 172 U. S., 269;   Martin v. District of Columbia, 205 U. S., 135;   Londoner v. Denver, 210 U. S., 373;   Cincinnati Ry. Co. v. Cincinnati, 49 L. R. A., 566; Hutchison v. Storrie, 92 Texas, 685;   Travis v. Trogdon, 88 Texas, 303.

A residence homestead used and occupied as is provided in the Constitution of Texas and in the law relating to homestead exemptions, is not subject to special assessments for public improvements. Such assessments are absolutely void.   Yet in this case the City has assessed homesteads and proposes to sell them to pay the assessments.   Higgins v. Bordages, 88 Texas, 459;   Eubanks v. City of Fort Worth, 173 S. W., 1003.

No effort was made on behalf of the City of Dallas to agree with property owners upon the damages to result to such property owners from the taking of their property for the widening of Masten Street, in advance of the commencement of condemnation proceedings, and by reason of such omission the condemnation proceedings were and are irregular and without legal sanction.   Porter v. Abilene, 16 S. W., 107;   Barnes v. Railway, 33 S. W., 601.

The condemnation reports concerning tracts belonging in common to more than one owner and the assessments laid upon property belonging in common to more than one owner are not so apportioned among the several owners in common as to apprise each owner of the amount due by or to him, notwithstanding such separation is legally indispensable.   City of Paris v. Tucker, 101 Texas, 99.

The widening of Masten Street for the benefit of the community at large and in order that street car lines to serve the community at large might be located and maintained thereon is an improvement that should be paid for in whole or in part by the community at large as distinguished from fronting owners.   Assessments as for special benefits on fronting owners to pay for such improvements which are either partly or entirely public are void.   Waukegan v. DeWolf (Ill.), 101 N. E., 532;   Ann. Cases, 1914B, 538;   32 Ann. Cases, 539, and note;   Note, 16 Am. St. Rep., 371;   Baltimore v. Hughes, 1 Gill & Johnson, 480; 19 Am. Dec., 243; Hammett v. Philadelphia, 55 Pa. State, 146; 3 Am. Rep., 615.

In so far as the ordinance levying special assessments undertakes to impose personal liability upon owners of property included in the assessment plan, the ordinance is void, it not appearing that the Charter of the City of Dallas justifies the imposition of any personal liability; and also wherein said ordinance asesses a personal liability against husband and wife, the property being the homestead and separate property of the wife. Eubanks v. City of Fort Worth, 173 S. W., 1003; City of Galveston v. Heard, 54 Texas, 420.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendants in error obtained a temporary injunction restraining plaintiffs in error, the City of Dallas and certain of its officers, from enforcing an ordinance, under which the City sought to condemn certain property for the purpose of widening a street, and to assess the cost of the work against property specially benefited and the owners thereof. The order granting the temporary injunction was affirmed by the Court of Civil Appeals in an opinion containing a full statement of the case, reported in 197 S. W., at page 593.

The principal assignments here complain that the Court of Civil Appeals erred in holding that the special assessments to cover the cost of the improvement could not be lawfully levied against the residence homesteads of defendants in error, and in holding that under the City's charter such cost could not be made a personal charge against defendants in error as the owners of property specially benefited.

In section 5, of article 11, of the Charter of the City of Dallas, it is provided that "in case of condemnation of land for the . . . widening of any street . . . within the corporate limits of the said city, the Board of Commissioners may, by ordinance, provide that the cost of such property shall be paid for by the property owners owning property in the immediate vicinity thereof and benefited thereby." It is not questioned that the Charter provides for assessments against benefited property.

In view of the above quoted language we think the Court of Civil Appeals erred in holding that there was no authority conferred by the Charter on the City to impose a personal liability on the owners of benefited property for the cost of widening a street. The Charter conferring the requisite power, the owner would be personally liable to pay an assessment duly made to meet the cost of the improvement of the street, though the property was used as a residence homestead. Storrie v. Cortes, 90 Texas, 283, 35 L. R. A., 666, 38 S. W., 154.

In the case cited, the Court, in answer to a certified question, said: "If the terms of the charter of the City of Houston empowered that city to make the cost of such improvement a personal charge against

the owners of the property, and if the city has done so, then the appellees would be liable for the cost of the improvement so made, although it cannot be enforced against their homestead.'' 90 Texas, 294. The answer was modified, on rehearing, so as to limit the personal liability to that one of the appellees who was the owner of the homestead. 90 Texas, 295.

The Court of Civil Appeals did not err but instead followed the settled law in holding that the Constitution forbade the creation of any lien on homestead property for the cost of the street improvement in question. Higgins v. Bordages, 88 Texas, 458, 53 Am. St., 770, 31 S. W., 52, 803; Storrie v. Cortes, 90 Texas, 283, 35 L. R. A., 666, 38 S. W., 154.

The Court's conclusion that personal liability could not be imposed, under the provisions of the Charter on the owner of benefited land, for the cost of street improvements, where such land belonged to the separate estate of a married woman, is contrary to the opinion of this Court filed today in the case of Noa Spears et ux. v. City of San Antonio, where the question is fully discussed. Neither the *status* of the owner as a married woman nor the fact that the land was exempt as a homestead would prevent the imposition of personal liability on the owner  The real foundation of the personal liability is that the owner is more than compensated for what he is required to pay on the cost of the improvement by the enhancement in value of his property. The enhancement occurs as truly where the property is homestead or where the owner is a married woman as under any other conditions.

The Charter authorizes proceedings to assess the cost of street improvements against benefited property and its owners ''if the amount of such compensation shall not be agreed upon.'' In our opinion, under a reasonable construction of the quoted language of the Charter, nothing further is required than that there shall have been no agreement between the City and the property owners as a condition precedent to the authorized steps to assess and collect the cost of the improvement. Hence, it was unnecessary to plead and prove that the City made efforts to secure agreements before proceeding under the Charter.

Where several persons jointly own property and an assessment is made against them as such owners to meet part of the cost of a street improvement, it is essential to separate the amount of the liability of each owner. City of Paris v. Tucker, 101 Texas, 99, 104 S. W., 1046.

Since the injunction appealed from was authorized in so far as it enjoined the attempted enforcement of liens on homesteads and in so far as it enjoined the collection of assessments against joint owners without apportionment between them, it is plain that plaintiffs in error are not entitled to have same entirely vacated. By their assignments, propositions and statements plaintiffs in error have

sought only a complete reversal of the judgment and have furnished the Court no basis for a reform of the injunction. Plaintiffs in error having failed to show that the temporary injunction should be vacated as to any certain parties or as affecting any certain properties, it will not be disturbed, but the judgments of the District Court and of the Court of Civil Appeals will be affirmed.

*Affirmed.*