## UVALDE ROCK ASPHALT CO. v. LYONS et al. (No. 7636.)*

(Court of Civil Appeals of Texas. San Antonio. Nov. 24, 1926. Rehearing Denied Dec. 22, 1926.)

1. Constitutional law ⟝290(1)—Requiring owner to pay more than can be justly assessed is taking property without due process.

Municipalities cannot require party to pay more money than can be justly assessed against him or to require payment for property he does not own; it being taking property without due process.

2. Municipal corporations ⟝481—Lump sum improvement assessment against lot owned by undivided interests held unauthorized.

Lump sum assessment for street improvement against lot owned by undivided interest *held* invalid; each owner being entitled to be separately assessed for his interest only.

3. Municipal corporations ⟝567(1)—Pleading to enforce assessment lien should enable each party to separately determine liability and be released on payment.

Contractors, suing to enforce lien of improvement assessments, must so plead that the necessary parties and interests may be determined separately, so that each party may pay his own portion only, and thereby be released.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by the Uvalde Rock Asphalt Company against William J. Lyons and others, From a judgment for defendants, plaintiff appeals. Affirmed.

Kampmann & Burney and Albert C. Buss, all of San Antonio, for appellant.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellees.

COBBS, J. This is a suit on a street paving certificate filed by the Uvalde Rock Asphalt Company, a corporation organized under and by virtue of the laws of the state of Texas and having its principal office and place of business in the city of San Antonio, Bexar county, against William J. Lyons, of Dallas county, Tex., and Thomas E. Lyons and Samuel S. Jewett, of Bexar county, Tex. For cause of action plaintiff alleged that on the 30th day of April, A. D. 1923, the city of San Antonio, acting by and through its mayor, O. B. Black, and its city clerk, O. C. Speight, under and by virtue of its charter and ordinances, and laws of the state of Texas, and in accordance with a contract between the Uvalde Rock Asphalt Company and the city of San Antonio, dated the 21st day of November, 1922, and by virtue of an assessment ordinance passed the 14th day of December, 1922, did execute and deliver unto the Uvalde Rock Asphalt Company an assignable certificate of special assessment No. 12797, in the principal amount of $761.25, which certificate recited that said amount was levied against lot A–12, block A–20, abutting 725 feet on Mitchell street, in the city of San Antonio, Bexar county, Tex., and against William J. Lyons, Thomas E. Lyons, and Samuel S. Jewett, as the owners of said property, for the pro rata cost of certain street improvements in front of property. A copy of the certificate, marked "Exhibit A," was attached to plaintiff's original petition and made a part thereof. The certificate further recited that said assessment was a first and paramount lien on said property, and that it was payable in six equal installments, each payable from and after date of the acceptance of said improvements by the city; the first installment being payable in 30 days, the second in one year, the third in two years, the fourth in three years, the fifth in four years, and the sixth in five years; the entire amount being payable at the option of the holder, upon default of any installment. The certificate recited, and plaintiff alleged, that all proceedings with reference to making such improvements were regularly had, in compliance with law, and that all prerequisites to the fixing of a lien against the property described in the certificate and the personal liability declared thereby had been regularly had and performed. Plaintiff further alleged that the work for which said assessment was levied was completed and accepted by the city on the 30th of April, A. D. 1923, and that defendants William J. Lyons, Thomas E. Lyons, and Samuel S. Jewett had failed and refused to pay anything on said certificate, for which default plaintiff had declared the entire amount of said certificate due. Plaintiff prayed for a personal judgment against the defendants William J. Lyons, Thomas E. Lyons, and Samuel S. Jewett for the amount of said certificate, with interest, attorney's fees, and costs and for foreclosure of its lien upon the above-described property.

Appellees filed a general demurrer and special exception to the petition, on the ground that it failed to allege what proportion of the cost was assessed against each of the defendants, or what part each defendant was liable for, and because it failed to allege that the assessment was separated so as to show the amount of liability of each defendant, And appellees further alleged that they were the joint owners of the property covered by said assessment, and that each owned an undivided interest, in the following proportion: William J. Lyons, a one-half interest; Thomas E. Lyons, a one-fourth interest; Samuel S. Jewett, a one-fourth interest; and that said assessment was void, because it was levied in a lump sum against the whole of the property, and was not so

(289 S.W.)

assessed that one defendant could pay his pro rata part and discharge his interest from the lien. The court sustained both the general demurrer and special exception, and, appellant declining to amend, the cause of action was thereupon dismissed. Appellant assigns error to the ruling of the court in sustaining appellees' exception and dismissing the case.

[1] These demurrers and the ruling of the court question the power of the municipal government, under any law, to make a joint assessment against appellees, who do not own equally the property, but in separate interests; one owning a one-half interest, and the other two a one-fourth interest each. Or that, if such power was granted by any legislative authority, whatever the ownership in and to the property sought to be assessed or condemned, it was not equal and uniform; the assessment, being against each one of the owners in six equal installments, was not uniform and equal as to each party's interest in the property, nor in respect to the benefits, but, in requiring payments of the same amounts assessed against all equally, is invalid. The municipality is without power to require a party to pay more money than can be justly assessed against him and to require the payment for property he does not own, as was done here. It is a taking of property without due process of law. How unfair it would be to require the owners to pay the whole illegally assessed amount to secure a release of his own property, though a very small proportion of the whole is owned by him. Here one man owns the half and the other two a fourth each.

[2] The Legislature has perhaps enacted laws that carry a high degree of power to municipalities to authorize the seizure of another man's property through an assessment and levy for public benefits. The power should be carefully exercised and not increased, and should be based upon a vital and just assessment that carries with it a just and uniform assessment and levy, setting forth the interest sought to be condemned, as well as the definite payment required to be made of a fixed interest in the thing assessed. No such arbitrary power should be given to any board as here claimed, and, if so, it should not be denied to any one to question the power in any particular case in any suit inquiring into its validity and show the interest he has in the property and be allowed to pay the amount he individually owes, as well as in respect to any defense of benefits he should be allowed. There is nothing shown or pleaded that it was impossible to assess each owner and his property the true amount required of each so as to impress a lien on such share. The very title examined for the purpose of disclosing the names of the owners for assessment must have shown the amount of interest each claimed. Undoubtedly, the records of the city office would have disclosed the facts so easily discernable. We think the case of City of Dallas v. Atkins, 110 Tex. 627, 223 S. W. 170, and the case of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046, settle this question against appellant.

[3] There is nothing so sacred in the so-called 20 days' statute that prevents an attack upon the levy in this case. When an assessment is made, and a lien sought to be created upon one's property against his will, or without actual notice, every possible step should be taken in fact and not be based upon a proposition and declaration of the pleader that everything "was done that should have been done and nothing left undone that should have been done." The contractors should be required to ascertain the parties and their interests, to plead them, and cause the necessary judgments to be entered in all suits for the recovery of same. The converse of the rule stated in Paris v. Tucker, supra, should also be true and applied, that the amount should be determined "separately that each party was entitled to, so that each party receive his part"; to state it conversely, as applicable here, so that in the assessment the amount of each party's individual liability be made to appear, so that each party may pay his proportion of the assessment, and secure a proper release of his individual liability, without paying off another person's assessment for which there is no claim against him and no right of contribution or subrogation against other owners not equally liable to compensate him in the payment of an assessment for which he has no legal remedy, and, so to speak, was voluntarily paid.

It may be that all the issues could be settled and adjusted in this case by proper pleading, but there is no law that would require the appellees to do this and to waive the invalidity of the assessment or defect in the pleading.

Finding no error of law committed, the judgment is affirmed.