### CITY OF ENNIS v. TELFAIR et ux.
#### (No. 857.)

Court of Civil Appeals of Texas. Waco. Nov. 14, 1929.

Everett L. Looney, of Ennis, and Dabney, Goggans & Ritchie and Geo. T. Lee, all of Dallas, for appellant.

W. D. Colvin, of Ennis, and Farrar & Stovall, of Waxahachie, for appellees.

GALLAGHER, C. J. Appellant, city of Ennis, a municipal corporation, suing for the use and benefit of a paving company, instituted this suit in the district court against J. S. Telfair, hereinafter called appellee, and his wife, Mary Allen Telfair, on a special assessment certificate in the sum of $895.75, representing an assessment for that amount levied against appellee and certain property belonging to him on West Baylor street in said city as his proportionate share of the cost of paving said street.

Appellees alleged that appellee J. S. Telfair owned only a five-eighths interest in said property, and that the other interest therein was owned by his son, Will Telfair, who was not a party to such assessment nor to this suit. Appellees also alleged that said property was then and had been for many years prior thereto their homestead. They further alleged that said assessment was, by reason of the facts so alleged by them, void and unenforceable and insufficient to support a personal judgment against appellee for the amount thereof, or a foreclosure of lien on the property described therein.

A jury was impaneled and testimony introduced. At the close of the testimony the court instructed a verdict for appellees and entered judgment in accordance therewith.

#### Opinion.

Appellant assigns as error the action of the court in instructing a verdict for appellees.

The testimony showed that the tract of land described in the assessment consisted of 2½ lots, with a frontage of 125 feet on the street paved, and that appellees resided thereon at the time such assessment was levied and still resided thereon. Appellant does not in any of the propositions presented by it contend that said property was not the homestead of appellees, nor that the same was not on that account exempt from the foreclosure sought by appellant.

Appellant by its first group of propositions contends that the testimony raised an issue with reference to whether appellee was the sole owner of the property upon which said assessment was levied, in which event it seems to be conceded that the levy of said assessment created a valid and enforceable charge against him personally, and that such

issue should have been submitted to the jury for determination. The testimony showed that appellee had been married twice; that he married his first wife in 1885; that he purchased the 2 full lots involved herein in 1893, paying therefor in cash; that shortly thereafter he built a house thereon and moved into and occupied the same as a home for himself and family; that his said wife died in May, 1899, leaving two children surviving her; that he bought the half lot in controversy on August 7, 1899; that he thereafter married his present wife, one of the appellees herein. The assessment was levied against said 2½ lots as a whole and against appellee as the sole owner thereof. Will Telfair, only living child and heir of appellee's first wife, was not mentioned in said assessment nor made a party hereto.

Appellant's contention is based on the testimony of appellee J. S. Telfair. He testified with reference to the purchase of said property and the consideration paid by him therefor as follows: "I was first married in 1885, and bought these lots in question here in 1893, and *I had the money prior to my first marriage to pay for these lots involved; I had worked for it and had it in the bank, and that was the money which I paid as the purchase price for this piece of property*— Lots 9 and 10 in Block 204 of the City of Ennis, Ellis County, Texas. I afterward, on the 7th day of August, 1899, as shown by the deed here, bought from John Gatar one-half of Lot No. 8, in the same block. This was after the death of my first wife, and while I was a single man—a widower." (Italics ours.)

Appellee, being recalled to the stand, further testified, in substance, that after his marriage to his first wife he kept the money he had on hand at that time and money earned and saved after his marriage in one account in the bank; that out of said account he paid his expenses of every kind; and that the two lots originally purchased, as well as the half lot subsequently purchased, were paid for with money out of said account, and that he could not tell whether the money paid for said lots 9 and 10 was his separate money, earned and held by him at and prior to his marriage to his first wife, or community earnings of such marriage. The half of lot 8 included in said tract was of course presumed to be his separate property, since bought after the death of his first wife and while he was a widower. We do not understand appellee to contend to the contrary. If the entire purchase price of lots 9 and 10 was paid out of money acquired before his marriage, they were of course also his separate property, notwithstanding they were actually bought long after his marriage to his first wife. If so, the entire tract against which the assessment was levied was his separate property, and Will Telfair, only living child and heir of his first wife, owned no interest therein, and,

while such assessment against such property was unenforceable on account of the homestead character thereof, the personal assessment against appellee as the owner thereof was concededly valid. Appellee's affirmative testimony that he paid for lots 9 and 10 out of money earned before his first marriage, standing alone, was sufficient to require the submission of such issue to the jury, and to sustain a finding that he was the sole owner of said lots. Exporters' & Traders' Compress & Warehouse Co. v. Hemphill (Tex. Civ. App.) 292 S. W. 599, 600, par. 1, and 601, par. 4; Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311, 315, par. 4 (writ refused). The effect of his subsequent testimony tending to explain, modify, or contradict the same was a matter exclusively within the province of the jury trying the case, and a peremptory charge based thereon was improper. Stevenson v. Barrow (Tex. Com. App.) 291 S. W. 1101, 1102; Funk v. Miller (Tex. Civ. App.) 142 S. W. 24, 25, par. 1; Davis v. Petroleum Casualty Co. (Tex. Civ. App.) 13 S.W.(2d) 981, 983; Threadgill v. Shaw (Tex Civ. App.) 148 S. W. 825, 826; Melburn v. Webb (Tex. Civ. App.) 277 S. W. 800, 801; Harrison v. Orr (Tex. Com. App.) 10 S.W.(2d) 381, par. 1.

Appellant presents a proposition contending that it was entitled under the undisputed evidence, considered in the light most favorable to appellees, to a personal judgment against appellee J. S. Telfair for five-eighths of the amount of the assessment sued on. The fact that appellee owned at least five-eighths of the entire tract assessed was shown affirmatively and not disputed. The assessment levied, however, was in gross and against him as sole owner of the tract of land upon which same was based. If said tract of land was in fact owned jointly by him and his son, Will Telfair, the interest of each of them respectively should have been shown in the assessment and the proportionate amount due by each stated therein. Because this was not done, if Will Telfair did own an undivided interest in said property the assessment sued on was void and unenforceable and insufficient to support a recovery against appellee personally for any part thereof. City of Mexia v. Montgomery (Tex. Civ. App.) 7 S.W.(2d) 594, 595 (writ refused); Uvalde Rock Asphalt Co. v. Lyons (Tex. Civ. App.) 289 S. W. 202, 203 (writ refused); City of Dallas v. Atkins, 110 Tex. 627, 223 S. W. 170, 171, par. 5; City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046. This holding is not in conflict with the opinion of the Court of Civil Appeals for the Seventh District in the case of L. E. Whitman & Co. v. Donovan, 11 S.W.(2d) 197, 198, 199, cited and relied on by appellant. It is true that in that case the trial court did render judgment on an assessment in gross against the surviving wife as sole owner of a tract of land which was in fact community property and owned jointly by her and her children, for one-half of

such assessment, but she acquiesced in such judgment and did not appeal therefrom. The appeal was prosecuted by the holders of the assessment certificate who sought to have the judgment reversed and rendered in their favor for the full amount thereof. The Court of Civil Appeals refused the relief sought and affirmed the judgment of the trial court.

The judgment of the trial court is reversed, and the cause is remanded.