## JONES v. L. E. WHITHAM & CO.
### No. 7548.

Court of Civil Appeals of Texas. Austin.
Feb. 25, 1931.

Rehearing Denied March 18, 1931.

Upton & Upton, of San Angelo, for appellant.

Milburn E. Nutt, of Wichita Falls, for appellee.

BLAIR, J.

Appellee, L. E. Whitham & Company, sued appellant C. H. Jones, seeking a personal judgment and to foreclose a special reassessment certificate or paving lien against the property described in the petition; and Dudley Jones was likewise sued. Judgment was for appellee as prayed against C. H. Jones, and by default against Dudley Jones, served as a nonresident, for foreclosure of the assessment lien only; hence this appeal by C. H. Jones.

On December 10, 1927, the city of San Angelo, operating under a home-rule charter and under the provisions of the Street Improvement Law, chapter 9, title 28, R. S. (article 1086 et seq.), which it had adopted, contracted with appellee to pave the street abutting on the property in question. The original assessment was made by the city of San Angelo on January 24, 1928, and the paving project was completed and accepted and a special assessment certificate issued to appellee on June 5, 1928, against Dudley Jones. For a number of years prior to any of the aforesaid proceedings, and during the time the paving was being done and after same was completed and accepted, and at the time the assessment certificate was issued, the property in question was used and occupied as the homestead of Dudley Jones and his family, and continued to be so used until July 13, 1928, when he and his wife conveyed the same to C. H. Jones, and thereafter Dudley Jones and family ceased to use the property as their homestead, and C. H. Jones never at any time used the same as his homestead. Dudley Jones and wife did not execute any character of contract for the paving. On November 20, 1928, after giving the statutory notice of its intention to do so, the city of San Angelo expresssly repealed the original assessment ordinance be-.

cause of mistakes and irregularities, and passed a reassessment ordinance, and issued to appellee a special reassessment certificate against C. H. Jones, dated November 24, 1928, which reassessment certificate the trial court decreed to be valid, and rendered the judgment above stated.

The municipality had no power to make the original assessment against this homestead for the improvement of the abutting street, and its proceedings against the then owners attempting to do so furnish no basis for the reassessment establishing a lien against the property or a personal liability against appellant, as purchaser of the property after the improvements had been completed and accepted. The universal rule that no reassessment can be authorized where the Legislature or municipality lacked the constitutional power to make the original assessment is stated in 44 C. J. 772, § 3346 (3), as follows:

"Subject to the limitation that no reassessment can be authorized by the legislature or made by the municipality where the legislature was without constitutional power to make or to authorize the making of the original assessment, it has generally been held that a reassessment may be made under proper statutory authorization."

Article 16, § 50, of the Texas Constitution, exempts the homestead of a family from liability to a special assessment for improvement of an abutting street. Dallas v. Atkins, 110 Tex. 627, 223 S. W. 170. This construction of the Constitution is based on the theory that such special assessment is not a tax within the meaning of the constitutional provisions that a homestead is not exempt from sale for taxes due thereon. Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770. And further in this connection, it has been held that since the homestead is thus protected by the Constitution, it cannot be affected by any failure on the part of the owners to appear and contest proceedings to impose special assessments on it for public improvements. Spears v. San Antonio, 110 Tex. 618, 223 S. W. 166. We therefore conclude that since the improvements of the abutting street had been completed and accepted during the period the property was exempt as a homestead for such improvements, and since the Legislature was without constitutional power to make or to authorize the municipality to make the original assessment against this homestead, there was no authority or basis for the reassessment sought to be enforced in this case under the rule above quoted.

Not only were the Legislature and the city of San Angelo inhibited by the preceding provisions of the Constitution from making the original assessment against this homestead, but the city was also inhibited from doing so under provisions of article 1091 of the Street Improvement Law, which reads as follows:

"Exempt property.—Nothing herein shall be construed to empower any city to fix a lien by assessment against any property exempt by law from sale under execution; but the owner of such exempt property shall nevertheless be personally liable for the cost of improvements constructed in front of his property, which may be assessed against him. The fact that any improvement is omitted in front of exempt property shall not invalidate the lien of assessments made against other property on the highway improved, not so exempt."

This statute must be read into appellee's contract with the city of San Angelo, and when that is done no lien could have attached to the homestead of Dudley Jones for the street improvement in question; and therefore no authority or basis for the reassessment sought to be enforced here existed under the rule above quoted, and we pass to a consideration of whether appellant is personally liable for the improvement of the street in question.

It is indisputable that since the improvement of the abutting street was completed and accepted while the property was homestead, and since no lien attached to the homestead for the improvement of the abutting street, the owner could thereafter dispose of same free of any claim or lien for the street improvement. The fact that the municipality attempted to establish a lien on this homestead for the street improvement is not material, because the purchaser with or without notice of the attempted lien is not bound thereby; and in fact, as was held by the Commission of Appeals in the case of J. P. Wooten Motor Co. v. First National Bank of Swenson, 281 S. W. 196, the attempted lien on the homestead was in law knowledge that same was void, and therefore no impediment of the right of the owner to sell at will. Willis v. Mike, 76 Tex. 82, 13 S. W. 58; Miller v. Menke, 56 Tex. 539; Inge v. Cain, 65 Tex. 81; Wood v. Chambers, 20 Tex. 247, 70 Am. Dec. 382; Cox v. Shropshire, 25 Tex. 113; Martel v. Somers, 26 Tex. 559; Hargadene v. Whitfield, 71 Tex. 488, 9 S. W. 475.

Nor can there be any question, in view of the holding of the preceding authorities, that appellant did not become personally liable for the personal indebtedness or liability of Dudley Jones for the paving. To so hold would be to require a purchaser of a homestead to pay the general debts of the owner.

Nor did the Legislature intend by the enactment of the reassessment statute (article 1095) to authorize a municipality to reassess the cost of improvement of a street abutting a homestead against one who purchases same subsequent to the completion and acceptance of the improvement. In such

329

cases the municipality and contractor simply accept the personal liability of the homestead owner for the improvement under the provisions of the street improvement statutes themselves, and a purchaser simply buys and pays for the property and the improvement free of any claim or lien therefor, and certainly there could be no basis for establishing a personal liability against the purchaser for the improvement completed and accepted at the time of purchase. It is true that a proceeding to reassess property for public improvements is a proceeding de novo and effective as of the date of reassessment, but the basis for the reassessment is authority to make the original assessment, and the basis of personal liability for improvement of an abutting street is incident to the ownership of the property, which must at least be during some period of time before final completion and acceptance by proper authority of the improvement; or which personal liability of purchaser may arise under some character of assumption agreement with the seller; but this character of personal liability does not arise in this case.

The judgment of the trial court will be reversed and judgment is here rendered for appellant, and that appellee take nothing by its suit.

Reversed and rendered.

### On Motion for Rehearing.

By its motion for a rehearing appellee contends that we have apparently taken no cognizance of articles 1097 and 1099, relating to special reassessment of paving costs against abutting property. We carefully construed all the reassessment statutes in our original opinion as having no application where the abutting property was at the time of the original assessment and at the time the paving was completed and accepted and the assessment certificate issued a homestead, because such homestead is exempt by both the paving statute and the constitution from the assessment. To hold as contended for by appellee that the broad language "if for any reason, no part of the cost of such improvement has been borne by the abutting property or paid by the owner or owners thereof," as used in article 1097, is sufficient authority for the reassessment of the cost against a homestead sold after the paving had been completed and accepted, but within the very indefinite period of reassessment, would render nugatory both the statute and the Constitution which exempt such a homestead from the paving assessment. The effect of such construction of these reassessment statutes would be to subject every homestead sold within the reassessment period, which period the statutes do not fix, but which has been construed to be for a reasonable time as the facts may disclose, to such assessment lien notwithstanding the statutory and constitutional inhibitions against such assessment against a homestead. In other words, the owner of a homestead could not alienate it within the reassessment period without subjecting it to the reassessment lien, because if the statutes authorized the reassessment so as to fix the lien on the alienated homestead, the purchaser would be charged with notice of the provisions of the statutes as a matter of law, and would be compelled to deduct the paving cost from the purchase price of the homestead thereby indirectly charging it with a lien for the paving in violation of the Constitution which renders void any and all attempts to create, either directly or indirectly, a lien upon the homestead.

The motion is overruled.

Overruled.