## CONTINENTAL INV. CO. v. ARMSTEAD et al.

### No. 11014.

Court of Civil Appeals of Texas. Galveston.

Oct. 3, 1940.

Rehearing Denied Oct. 24, 1940.

Elbert Roberts, Willett Wilson, and Joe Entzminger, all of Houston (Joe Entzminger, of Houston, of counsel), for appellant.

Albert J. DeLange, Robert P. Beman, Jr., and Emory T. Carl, all of Houston, for appellees.

GRAVES, Justice.

This statement of the nature and result of the suit, conceded by the appellees to be in the main substantially correct, is taken from the appellant's brief.

"This was a suit based upon a certificate of special assessment. The original paving proceedings, on which the certificate of special assessment was issued, was begun on January 13, 1931, when the City Council of the City of Houston adopted a resolution for the paving of Telephone Road in the City, from its intersection with the South line of Lawndale Avenue to its intersection with the G. H. & S. A. Railway track at Brookline. Said City Council initiated the improvement of Telephone Road. On the 11th day of May, 1932, the City issued to the National Paving Company a certificate of special assessment in the amount of $819.83 with interest at 7%

per annum and providing for reasonable attorney's fees against 'Zella Armstead and husband, E. S. Armstead, and H. S. Seltzer, each as their interest may appear, the owners of said property'. The first coupon of said certificate was payable 30 days after the date with four remaining coupons being payable one, two, three, and four years after date, together with interest thereon from date until paid at the rate of 7% per annum. When the first coupon-installment became due, said coupon was not paid, nor was any of said certificate ever paid, and the suit was filed on December 6, 1932, in the District Court of Harris County, on the appellees' failure to pay the certificate as provided therein and citation was issued on the 6th day of December, 1932, to all the defendants, Zella Armstead, E. S. Armstead, and H. A. Seltzer. * * * H. S. Seltzer filed his answer on December 20, 1932, setting forth that he had sold and conveyed said premises prior to the happening of all things set forth in plaintiff's petition and H. S. Seltzer disclaimed all right, title, and interest in and to said property. The original answer of Zella Armstead and husband, E. S. Armstead, was filed April 5, 1935, and their first amended original answer was filed May 13, 1936. * * * At the close of the testimony for the plaintiff, the Hon. Court instructed a verdict for the appellees against Continental Investment Company, appellant; said verdict of the jury being filed July 10, 1939, and judgment was entered accordingly on the 27th day of July, A. D. 1939."

Appellant's four propositions for a reversal are these:

"First Proposition.—The cause of action as pleaded by the Continental Investment Company and as proved by the Continental Investment Company, appellant herein, showed that the joint assessment was valid in all things and that the facts introduced showed that it was impossible to determine the interest of the parties in said property and being unable to ascertain what interest, if any, H. S. Seltzer had, the joint assessment was proper and valid."

"Second Proposition.—The court erred in excluding from the evidence the block books of the Harris County Tax Assessor and Collector's office wherein it was attempted to be shown that the property in question was carried in the name of H. S. Seltzer."

"Third Proposition.—The court erred in holding the certificate of special assessment invalid, because no harm or prejudice was shown by the defendant and the defendant failed to plead any prejudice or harm which resulted to them because of the joint assessment."

"Fourth Proposition.—The pleadings and proof by the Continental Investment Company showed that the joint assessment as was contained in said certificate of special assessment was proper because it was impossible to determine the interest of the parties in said property and the proof showed that a reasonable ànd diligent attempt had been made to determine the true owners of the property and an issue should have been submitted to the jury as to whether such proof showed a reasonable and diligent attempt to determine the interest owned by each party and that the court erred in holding the certificate of special assessment invalid as a matter of law when no harm or prejudice was shown by the defendants."

The peremptory instruction, while the consequent judgment does not so recite, was mutually conceded to have been based upon the court's conclusion that the certificate in suit was invalid, as constituting a prohibited joint assessment against the property involved.

To repeat it, the exact language of the certificate recited that "an assessment had been levied against Zella Armstead and husband, E. S. Armstead, and H. S. Seltzer, each as their interests may appear, the owner of said property".

The resolution ordering the pavement was passed January 13th, 1932, and the sued-upon certificate of special assessment was dated May 11th, 1932. This court does not find any dependable showing in the record, either as to what the actual state of the title to the land was, or as to what was its ownership, upon either of the dates thus indicated.

■ Upon its face, or as to form at least, as its quoted terms reflect, the certificate was clearly a joint one, in that it did not show the interests of the several parties named therein as "each the owner" nor the amount of the assessment levied against each, with the amount each was required to pay. City of Dallas v. Atkins, 110 Tex. 627, 223 S.W. 170; Uvalde Rock Asphalt Co. v. Lyons, Tex.Civ.App.,

289 S.W. 202; Scanlan v. Gulf Bitulithic Co., Tex.Com.App., 44 S.W.2d 967, 80 A.L. R. 852.

Appellant's able counsel concede that much, but in avoidance argue, as their quoted propositions presage, to quote their language on the point, as follows:

"Actually, however, it was not a joint assessment, since E. S. Armstead was the husband of Zella Armstead and neither he nor H. S. Seltzer owned any interest whatsoever in the property, it being the separate property of Zella Armstead, and since neither E. S. Armstead nor H. S. Seltzer owned any interest therein, certainly no assessment could be made against them. When the appellant refers to the assessment as a joint assessment in this brief, it does not mean a joint assessment as to ownership of the property, but only as to the naming of the parties jointly in the paving certificate, which amounts to no more than surplusage since Zella Armstead was the only one of the three named in the certificate who actually owned any interest in the property. Scanlan v. Gulf Bitulithic Co., Tex.Com.App., 44 S.W.2d 967, at page 971, Syl. 5, 80 A.L.R. 852; City of Dallas v. Atkins, 110 Tex. 627, 223 S.W. 170, 171."

As a corollary, they append this further deduction: "Where it develops after the assessment proceedings that only one of three persons named in the certificate actually owns the property or has any interest therein, then it certainly would not be essential to separate or attempt to separate the amount of the liability of each owner."

■ These positions, it is thought, are dependent upon two unsustainable assertions of fact as to antecedent proceedings, upon which the appellant now as assignee of the National Paving Company, the original grantee in the certificate, relies, to-wit:

(1) That the property involved was shown by the evidence herein to have been entirely owned by Zella Armstead as her separate estate at the time of the declared-upon paving proceedings;

(2) That the testimony likewise showed that attempts were made by its predecessor in title to the certificate—the National Paving Company—and the City of Houston to ascertain the true interest owned by

each of the parties named by the appellant in its trial petition herein as the several owners of this property at the time the paving proceedings thereon were ordered —that is, E. S. Armstead, Zella Armstead, and H. S. Seltzer.

So asserting the facts to be, it is appellant's contention that the cause here presented is not ruled by the authorities cited supra, of which Scanlan v. Gulf Bitulithic Co., Tex.Com.App., 44 S.W.2d 967, and Uvalde Rock Asphalt Co. v. Lyons, Tex.Civ.App., 289 S.W. 202, 203, are the leading ones, but "offers from its facts an entirely new and distinct problem" akin to those involved in such cases as Realty Trust Co. v. Craddock, 131 Tex. 88, 112 S.W.2d 440; Davidson v. Railway Co., 29 Tex.Civ.App. 54, 67 S.W. 1093; Rabb v. Canal Co., 62 Tex.Civ.App. 24, 130 S.W. 916, and Walsworth v. San Antonio & A. P. Ry. Co., Tex.Civ.App., 10 S.W.2d 194, 195.

As already indicated herein, this court fails to find support for either claim, and —presumptively at least—the learned trial court found on the facts against them both in rendering the adverse judgment to appellant it did; in other words, no evidence has been indicated that this property was owned entirely by Zella Armstead as her separate estate at the time of the paving proceedings, and as recited above, the appellant specifically plead the contrary; neither has it been made to appear, either that the title records of Harris County at the time of the paving proceedings did not unequivocally show the state of the title to this property, or that appellant's predecessor in title to the certificate at that time made any diligent or proper effort to ascertain the state of such title, or just who held it.

 In this state of the record, no reason is perceived as to why the general rule invalidating such a joint certificate as this one was upon its face, as declared by the authorities first herein cited, should not apply in this instance, as the court below held it did.

The accepted rule of diligence required of those seeking the establishment of such a paving lien as this one is thus tersely stated in Uvalde Rock Asphalt Co. v. Lyons, Tex.Civ.App., 289 S.W. 202, 203, writ of error refused; "The very title examined for the purpose of disclosing the names of the owners for assessment must have shown the amount of interest each claimed. Undoubtedly, the records of the city office would have disclosed the facts so easily discernable."

 Neither is it thought there was prejudicial error in the court's exclusion from the evidence of proffered block books of the County Tax Collector's office, purporting to show that the property in question was carried in the name of H. S. Seltzer. The matter thus tendered does not seem to have been material to any issuable fact in the cause; it was merely testimony from the Deputy Tax Collector to the effect that the unrendered tax rolls in that office showed this property as having been carried in the name of H. S. Seltzer, which unrendered roll itself reflected only the individual action by the Tax Collector's office, and none by the person affected himself, either with reference to the title to the property or taxes thereon; wherefore, being thus an ex parte action upon the part of the Tax Collector's office, it would neither constitute evidence of any claim by the party in whose name it was thus nolens volens on his part carried on an unrendered roll, nor any evidence of what the actual title to the property at that time was.

While other subsidiary questions are discussed by the parties in their briefs, it is deemed unnecessary to dispose of them, since the conclusions stated determine merits of the appeal. They require an affirmance of the judgment. It will be so ordered.

Affirmed.