GALLAHAR v. WHITLEY. (No. 8446.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 21, 1916. On Motion for Rehearing, Nov. 25, 1916.)

1. EMINENT DOMAIN ⬁2(11)—PUBLIC IMPROVEMENTS — REASSESSMENT — VALIDITY — "TAKING PROPERTY."

A reassessment for paving which might have been legally made under the charter, but which, through a mistake in the owner's name in the notice to property owners of the improvement and the hearing thereon, was invalid, made by the city of Mineral Wells, expressly authorized thereto by its charter, adopted August 19, 1913, according to Acts 33d Leg. c. 147, and in view of the further right of the owner under the charter to institute suit within ten days to set the assessment aside for any legal reason, was not a taking of his property in violation of Const. art. 1, § 17, prohibiting the taking of private property without adequate compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 9–12; Dec. Dig. ⬁2(11).]

2. MUNICIPAL CORPORATIONS ⬁455—PUBLIC IMPROVEMENTS—NOTICE—VALIDITY.

An assessment of property for a street improvement can in no case be made without proper notice of the contemplated assessment to the owner and an opportunity given him to resist it for any legal cause.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1084–1093; Dec. Dig. ⬁455.]

3. INTEREST ⬁34—RATE—PUBLIC IMPROVEMENTS—ASSESSMENT CERTIFICATE—VALIDITY OF AGREEMENTS.

Under the charter of the city of Mineral Wells adopted August 19, 1913, in accordance with Acts 33d Leg. c. 147, § 8, assignable certificates issued by the city covering ·the cost of special improvements and fixing the rate of interest not to exceed 8 per cent. might be enforced, notwithstanding the general statute relating to the subject of interest.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 71–74; Dec. Dig. ⬁34.]

4. MUNICIPAL CORPORATIONS ⬁524—PUBLIC IMPROVEMENTS—ASSESSMENT CERTIFICATE—ATTORNEY'S FEE.

Under such provision, and in the absence of any power given to the city to impose a penalty of any kind for failure to promptly pay the as-

⬁For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sessment, no attorney's fee could be added to the amount of the assessment with interest.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1237; Dec. Dig. ☞524.]

5. MUNICIPAL CORPORATIONS ☞530—PUBLIC IMPROVEMENTS—ASSESSMENT CERTIFICATE—ACTION.

That suit on an improvement certificate to foreclose an improvement lien declared by a city against a lot owned by defendant and abutting on a street which had been paved was brought before the expiration of ten days, in which, under a provision of the charter, defendant might have instituted suit in the district court to set the assessment aside, was immaterial, where it did not appear in what way the suit on the certificate prevented the institution of such suit by defendant, or that defendant could have successfully maintained such suit.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. ☞530.]

On Motion for Rehearing.

6. MUNICIPAL CORPORATIONS ☞524—PUBLIC IMPROVEMENTS—IMPROVEMENT CERTIFICATE—ATTORNEY'S FEES—STATUTES.

Acts 33d Leg. c. 147, § 6, of the law authorizing certain cities to adopt and amend charters, providing that all powers heretofore granted any city by general law or special charter are preserved to them, and such power is granted to such cities when embraced in and made a part of their charters, and Rev. St. 1911, art. 1011, part of the general law relating to the creation of municipal corporations, providing that a city may assess the whole cost of constructing sidewalks or curbs not to exceed three-fourths of the cost of any other improvement against the owner's property abutting on such improvement and their abutting property benefited thereby, and provide for the time and terms of payment and for interest payable upon deferred payments not to exceed 8 per cent., and fix a lien and issue assignable certificates, do not apply to an improvement assessment made by city under its charter pursuant to Acts 33d Leg. c. 147, and hence do not authorize the city to impose an attorney's fees.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1237; Dec. Dig. ☞524.]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Suit by Frank Whitley against A. W. Gallahar. Judgment for plaintiff, and defendant appeals. Reformed as to attorney's fees, and otherwise affirmed.

W. H. Penix, of Mineral Wells, and P. C. Sanders, of Palo Pinto, for appellant. Ritchie & Cousins, of Mineral Wells, for appellee.

CONNER, C. J. Frank Whitley instituted this suit against A. W. Gallahar in the district court of Palo Pinto county upon an improvement certificate issued by the city commission of the city of Mineral Wells to recover the sum of $122.08, and to foreclose an improvement lien declared by said city commission against a lot owned by the defendant and abutting on Hubbard street, in said city. The trial resulted in a judgment for the plaintiff, and the defendant has appealed.

The trial was before the court without a jury, and the judge filed conclusions of fact and law, which are before us. The findings of fact are substantially unassailed, and they are accordingly approved and adopted by us. Omitting facts deemed unnecessary to an understanding of our conclusion, it appears that the city of Mineral Wells is a municipal corporation situated in Palo Pinto county, Tex., duly incorporated and acting under and by virtue of a charter adopted on August 19, 1913, in accordance with section 5, art. 11, of the Constitution of Texas, as amended on November 5, 1912, and in accordance with an act of the Thirty-Third Legislature (Acts 33d Leg. c. 147); that the charter so adopted provides that the board of commissioners of the city shall have the right, by taking prescribed steps and following certain procedures, to order the improvement of any street, or streets, in the city by filling, grading, raising, or paving the same with any permanent and durable material, and to proceed to contract for the making of such improvements after advertisement for bids. The board of commissioners are given the right to charge not exceeding two-thirds of the cost of such improvements against the owners of such property as shall abut upon the streets improved, provided that such sum to be paid by the owners of such property shall not be in excess of the actual benefit of enhanced value resulting to each piece of property from such improvement. It is further provided that to secure the payment of the sum so contemplated to be paid by the individual owners the board of commissioners may create a lien against such abutting property, and fix the sum to be paid as a personal liability against the owners thereof; that upon the completion and acceptance of the work contracted to be done upon each street, the board of commissioners are given authority to issue to the contractor, upon his request, a certificate evidencing the indebtedness of each owner to the said contractor, setting forth due dates, rate of interest, and other particulars in connection with the indebtedness, and stating that a lien had been created upon the property to secure the payment of the indebtedness described in the certificate. The charter also provides that:

"The lien or personal liability fixed by said assessment shall be enforced, together with costs of collection and reasonable attorney's fees if incurred thereon, by suit in any court having jurisdiction."

It further appears that the city of Mineral Wells, after having taken the steps prescribed in its charter, made and entered into a contract with the plaintiff, Whitley, to pave Hubbard street in front of the lot upon which it is sought to foreclose the lien herein and owned by the defendant. Due notice of the determination to pave the street was issued on November 11, 1914, and a date set for the hearing of the owners of the property on said street, stating the amount of the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

assessment contemplated to be made against each owner, and giving such owners opportunity to be heard touching any matter connected with the improvement. Said notice was published in the newspapers, as the charter directs, and the defendant's property was included in the list. However, such list gave the owner of the property involved in this suit as D. L. Gallahar, the defendant's name; A. W. Gallahar nowhere appearing in the list of property owners. Thereafter, on November 23, 1914, an assessment was made against D. L. Gallahar, and a lien attempted to be created against the property in controversy to pay part of the costs of such improvement. The improvement of the street was completed by the contractor and in all things accepted and approved February 26, 1915, but it was discovered that a mistake had been made in giving the name of the owner of the lot in question, and on the 29th day of July, 1915, the board of commissioners, deeming it advisable to reassess the cost of paving against the defendant and his said property, determined to reassess such costs against said owner and his property, and gave notice, as the charter required in the first instance, to the defendant that a hearing would be had at the mayor's office in said city designating the time for such hearing, and, further, that "at such time all said owners, their agents or attorneys, or persons interested in said property, are notified to appear and be heard, at which hearing said owners or other persons may appear in person, or by counsel, and may offer evidence" as to the amount assessed against the property of such person, the benefits to said property, or any other matter or thing connected therewith. This notice was properly given to the defendant and his property properly described; the amount of $122.08 being specified as the amount contemplated to be reassessed against him and his property. The defendant did not appear, either in person or by attorney, and made and filed no opposition to any feature of this second assessment, and on August 17, 1915, the amount stated was reassessed against defendant, and his said property charged with a lien in favor of the plaintiff to secure the payment of the assessment. It was specifically found by the board of commissioners that such sum was not in excess of the special benefits to such property accruing to it by reason of enhancement in the value thereof due to the construction of the pavement. After the reassessment mentioned the city commission issued to the plaintiff in this cause an assignable certificate evidencing the indebtedness of the defendant in the said sum of money, and reciting that it was given in part payment for the cost of paving Hubbard street, and it is upon this second assessment and certificate that the plaintiff sued in this case. In the proceedings resulting in the second assessment the city board relied upon the following provisions of the charter of the city, viz.:

"Whenever any error or mistake shall occur in any proceeding under this charter, it shall be the duty of the board of commissioners to correct the same, and whenever for any reason it shall appear that any assessment or claim or personal liability fixed or attempted to be fixed against any property or its owner hereunder is not enforceable on account of any error or invalidity in any of said proceedings, or the assessment of any property has been by error omitted, the board of commissioners shall have the power, and it shall be its duty at any time, to reassess against said property and its then owner the amount determined to be properly payable by said owner, after notice to and hearing of said owner in the manner hereinbefore provided. But no reassessment shall be made against any property in an amount in excess of special benefits thereto in enhanced value thereof by means of the improvement."

The trial court concluded as a matter of law that the reassessment was authorized, and entered up a judgment in favor of the plaintiff for said sum of $122.08, together with interest thereon at the rate of 8 per cent. per annum, and the further sum of $25 attorney's fees, which the court found to be reasonable, and which, it seems, was authorized in terms both by the charter and by the certificate issued to the plaintiff. Judgment was rendered accordingly foreclosing the lien upon the defendant's lot to secure the payment of the judgment, and the defendant has appealed.

The contention of appellant most urgently presented is that the trial court erred in concluding that the reassessment against appellant was authorized—

"for the reason that said reassessment was made long after the paving had been completed, and that there was nothing done thereafter to enhance the value of defendant's property, and did not create any lien whatever against defendant's property, nor a personal obligation to pay money against the defendant, and for the further reason that the charter does not provide for a reassessment after the work has been done on the street by the contractor."

While the precise point seems not to have arisen before in our state, the weight of the authorities elsewhere, so far as we have been able to examine them, seems to be uniform in upholding the right of a municipality, when authorized by a statute, to make reassessments for beneficial improvements where for any reason a prior assessment, which might have been legally made, is invalid. Thus it is said in McQuillin on Municipal Corporations, vol. 5, § 2128:

"Statutes or charters generally provide that the municipal authorities may levy a new special assessment where the original assessment is declared void, and such laws have been adjudged to be constitutional. The evident purpose of laws authorizing reassessments is to provide for making reasonable assessments only where a valid assessment might have been made in the first place," etc.

Authorities from a number of states in support of the text are cited. See, also, 28 Cyc. 1191, par. 22; Sudberry v. Graves & Stephens, 83 Ark. 344, 103 S. W. 728; 1 Page & Jones on Taxation by Assessment, § 414;

Seattle v. Kelleher, 195 U. S. 351, 25 Sup. Ct. 44, 49 L. Ed. 232.

[1, 2] As stated in the beginning, the city of Mineral Wells was duly incorporated under an act of the Legislature approved April 7, 1913. See General Laws 1913, p. 307. This act, in defining the powers that may be exercised by municipalities incorporated thereunder, among other things, specially provides that:

They may have "exclusive dominion, control, and jurisdiction in, over and under the public streets, avenues, alleys, highways and boulevards and public grounds of such city, and to provide for the improvement of any public streets, alleys, highways, avenues or boulevards, by paving, raising, grading, filling or otherwise improving the same, and to charge the costs of making such improvement against the abutting property by filing a lien against the same, and a personal charge against the owner thereof, according to an assessment specially levied therefor in an amount not to exceed the special benefit that such property receives in enhanced value by reason of making any such improvement, and to provide for the issue of assignable certificates covering the payment of said costs," etc.

The findings show that these provisions relating to power were embodied in the charter of the city of Mineral Wells, and the regularity of the proceedings in the first instance for the improvement of Hubbard street, upon which appellant's lot abuts, is not questioned in any way, save that it appears that in the notice of the improvement and the contemplated assessment required by the charter a mistake was made in giving the initials. The notice required D. L. Gallahar, instead of A. W. Gallahar, as it should have been, to be and appear before the city commission. The property affected, however, was properly described, and it may be conceded, and is conceded, that the first assessment was invalid for the want of a proper notice; for it is well settled in this state, as well as elsewhere, that an assessment of the kind can in no case be made without proper notice of the contemplated assessment to the owner, and an opportunity given to him to resist it for any legal cause. Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884. The power to correct mistakes of the character noted was expressly embodied in the charter, and the proceeding under consideration wherein the mistake was sought to be corrected is not complained of in any respect as being irregular. Appellant was notified to be and appear before the city commission and afforded a full opportunity, either in person or by counsel, to show, if he could, that the improvement involved did not benefit his property, or that for some other reason no assessment should be made against him. The essence of the law seems to have been thus complied with. He had his day in court, and we cannot assume that, had any legal reason been shown why the assessment could not, or ought not, to have been legally made, the board of commissioners of the city would have imposed the assessment. The record affirmatively shows that appellant made no effort to contest the reassessment proposed. The charter also provides that within ten days after an assessment of the kind had been made an abutting owner might institute suit in the district court to set it aside for any legal reason. The record fails to show that appellant instituted any such suit. On the contrary, it affirmatively appears that he did not do so, and on the present trial it does not appear that any effort was made on appellant's part to show that his property was not in fact benefited by the improvement to the full extent of the assessment made by the board of commissioners. So that in no legal sense do we think it can be said, as appellant urges, that there has been a taking of his property in violation of section 17, art. 1, of our state Constitution.

[3, 4] Objection is also urged to the findings and to the judgment because of the imposition of interest and attorney's fees. We have concluded that the objection to the interest is not maintainable, for the reason that in section 8 of the General Laws, hereinbefore cited, and under which the city of Mineral Wells was organized, in further defining the powers that may be exercised by the city, it is further provided that for special assessments of the kind under consideration the city may issue assignable certificates, if deemed advisable, covering the costs of such improvement, and may "fix the rate of interest not to exceed eight per cent.," etc. This special provision having been made and having been included in the charter, we are of opinion that it may be enforced, notwithstanding the general statute relating to the subject of interest. We find, however, no such provision authorizing the city to impose an attorney's fee. Nor have we found where the Legislature has given the city power to impose a penalty of any kind, other than the imposition of interest for the failure of one against whom an assessment is made to promptly pay it. Appellee, in support of the judgment for attorney's fees, cites the case of Insurance Co. v. Chowning, 86 Tex. 654, 26 S. W. 983, 24 L. R. A. 504, and other cases to the effect that statutes of the kind are constitutional, but in this case it is not pretended that appellee is entitled to the recovery of attorney's fees by virtue of any statute, or by virtue of any authority other than a provision to that effect in the city charter, and the law by virtue of which the city owes its legal existence, as will be seen from quotations already made from it, expressly limit the power of the city to make assessments of the kind to the benefits conferred by the improvements plus interest, as already indicated. The assessment and payment involved, being involuntary on appellant's part, must find express warrant in the law. We are therefore of the opinion that the court erred in imposing the attorney's fees.

[5] Appellant also complains of the institution of this suit before the expiration of the ten days in which, under a provision of the

city charter, he might have instituted suit in the district court to set the assessment aside, but we regard this objection as of no materiality, in view of the fact that it is not made to appear in what way the institution of this suit by the appellee prevented the institution of the suit against the city in the district court. Moreover, there has not been made to appear in the record before us any ground upon which appellee could have successfully maintained an action of the character mentioned.

We conclude that the judgment should be affirmed in all things except as to attorney's fees, and the judgment will be so reformed as to exclude them, with the costs of appeal taxed against appellee.

### On Motion for Rehearing.

[6] Appellee, in whose behalf we affirmed the judgment on a former day, insists with much vigor that, by virtue of section 6 of the act of the Thirty-Third Legislature, the power given cities to include attorney's fees as specified in Revised Statutes, art. 1011, is available here, notwithstanding the silence of the act of the Thirty-Third Legislature referred to on that subject. Section 6 invoked reads:

"All powers heretofore granted any city by general law or special charter are hereby preserved to each of said cities, respectively, and the power so conferred upon such cities, either by special or general law, is hereby granted to such cities when embraced in and made a part of the charter adopted by such city; and provided, that, until the charter of such city as the same now exists is amended and adopted, it shall be and remain in full force and effect."

The article of the Revised Statutes referred to is as follows:

"Subject to the terms hereof, the governing body of any city shall have power, by ordinance, to assess the whole cost of constructing sidewalks or curbs, and not to exceed three-fourths of the cost of any other improvement, against the owners of property abutting on such improvement and against their abutting property benefited thereby, and to provide for the time and terms of payment of such assessments and the rate of interest payable upon deferred payments thereon, which rate of interest shall not exceed eight per centum per annum, and to fix a lien upon the property and declare such assessments to be a personal liability of the owners of such abutting property; and such governing body shall have power to cause to be issued in the name of the city assignable certificates, declaring the liability of such owners and their property for the payment of such assessments, and to fix the terms and conditions of such certificate.

"If any such certificate shall recite that the proceedings with reference to making such improvements have been regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the property described in said certificate, and the personal liability, shall be prima facie evidence of the facts so recited, and no further proof thereof shall be required in any court.

"The ordinance making such assessments shall provide for the collection thereof, with costs and reasonable attorney's fees, if incurred. Such assessments shall be secured by, and constitute a lien on, said property, which shall be the first enforceable claim against the property against which it is assessed, superior to all other liens and claims, except state, county and municipal taxes."

The article of the statute is not found in the law of 1913 under which the city of Mineral Wells was incorporated, but is a provision relating to the creation of municipal corporations under the general law. By a careful reading of the article it will be seen that it applies to cases where the cost of sidewalks or curbs is assessed, and authorizes assessments "not to exceed ¾ of the costs of any other improvement."

It seems clear that the assessment involved in this case was not made by virtue of that article, for there is no finding, nor contention even, that the assessment under consideration constituted three-fourths or any other aliquot part of the cost of the improvement. On the contrary, the specific finding is that the assessment does "not exceed the special benefit conferred" by the improvement; thus demonstrating that the assessment was made under the act of the Thirty-Third Legislature specially applying, as noted in our original opinion. The special assessment under the act of 1913 to the extent of the benefits conferred was authorized, even though in excess of three-fourths of the cost of improvement. although such excess would be invalid under article 1011. For aught that appears to the contrary in the record, the assessment in this case did exceed the limit fixed by article 1011. It is easily conceivable that the Legislature would be willing to add reasonable attorney's fees where the assessment was limited to three-fourths of the cost of the improvement, and not to be so willing where the full cost, to the extent of the benefits conferred, was authorized. We therefore conclude, as announced in our original opinion, that the Law of 1913 applies, and that its limitations must be observed. That act not having authorized the city to impose attorney's fees, as originally pointed out, we feel that we must adhere to our former ruling, and consequently appellee's motion for rehearing is overruled.