**BOOTH et al. v. UVALDE ROCK ASPHALT CO. (No. 7778.)**

Court of Civil Appeals of Texas. San Antonio. May 18, 1927.

Rehearing Denied June 15, 1927.

1. **Appeal and error ⟨⟩747(1)—Appellee not filing appeal bond cannot have cross-assignments of error considered except as bearing on main appeal.**

Appellee filing cross-assignments of error, but not filing appeal bond, does not thereby prosecute appeal to Court of Civil Appeals, and cross-assignments cannot be considered except as they bear on matters presented in main appeal.

2. **Municipal corporations ⟨⟩487—Purchaser of property held to have had actual and constructive knowledge of assessment for improvement.**

In suit on paving certificate issued by city to paving contractor for street improvement, purchaser of property from owner against whom assessment was made *held* to have had both constructive and actual knowledge of contractor's claim against property under evidence showing purchaser knew of improvement and of suit against vendor to recover assessment which was recorded.

3. **Municipal corporations ⟨⟩514(1)—Equity court cannot deprive contractor of right to reassessment for street improvement (Rev. St. 1925, arts. 1095, 1097).**

Where original assessment against property for street improvement was invalid, injunction might lie against further efforts to enforce that particular assessment, but court of equity would have no power to restrain contractor holding certificate for assessment from enforcing any other legal remedy to establish rights, such as reassessment under Rev. St. 1925, arts. 1095, 1097.

4. **Municipal corporations ⟨⟩514(1)—Reassessment for street improvement on finding original assessment invalid may be made notwithstanding property is sold subsequent to original assessment (Rev. St. 1925, arts. 1095, 1097).**

In suit on paving certificate issued by city to contractor for street improvement, contention that Rev. St. 1925, arts. 1095, 1097, providing for reassessment where prior assessments are invalid, does not apply where ownership of property assessed changes hands after original assessment and reassessment cannot be made against former owner or purchaser subsequent to original assessment, *held* technical and unsubstantial.

5. **Municipal corporations ⟨⟩514(1)—Owner and purchaser knowing of assessment for street improvement made under lawful powers, though illegally exercised, held not entitled to enjoin reassessment (Rev. St. 1925, §§ 1095, 1097).**

Where street improvements were made in good faith by contractor under authority of municipality acting under its lawful powers, though illegally exercised in first instance, and value of property was thereby enhanced to benefit of owner, and subsequent purchaser taking with knowledge of assessment, owner and purchaser were not entitled to injunction enjoining city from reassessing property and issuing certificate on reassessment authorized by Rev. St. 1925, §§ 1095, 1097.

6. **Municipal corporations ⟨⟩405(1)—Street improvement laws should not be subjected to strained construction.**

Improvement of county highways and streets is public necessity and duty, and laws providing therefor, though strictly construed, should be construed to accomplish objects intended and not irrationally applied or subjected to strained construction.

7. **Municipal corporations, ⟨⟩407(1)—Statute authorizing reassessment for improvements held constitutional (Rev. St. 1925, arts. 1095, 1097).**

Rev. St. 1925, arts. 1095, 1097, authorizing municipality to reassess property for improvements where prior assessments are found invalid, *held* constitutional.

8. **Constitutional law ⟨⟩190—Statute authorizing municipality to reassess property where prior assessments are invalid held not unconstitutional as retroactive (Rev. St. 1925, arts. 1095, 1097; Const. art. 1, § 16).**

Rev. St. 1925, arts. 1095, 1097, authorizing municipality to reassess property for improvements where prior assessments are found invalid, does not violate Const. art. 1, § 16, prohibiting Legislature from passing retroactive laws.

9. **Constitutional law ⟨⟩328—Statute authorizing reassessment by municipality where prior assessments are invalid held not to violate Constitution requiring courts of state to always remain open (Rev. St. 1925, arts. 1095, 1097; Const. art. 1, § 13).**

Rev. St. 1925, arts. 1095, 1097, authorizing municipality to reassess property for improvements where prior assessments are found invalid, *held* not to violate Const. art. 1, § 13, providing that courts of state shall always remain open.

10. **Constitutional law ⟨⟩290(5)—Statute authorizing reassessment by municipality where prior assessments are invalid held not deprivation of property without due process (Rev. St. 1925, arts. 1095, 1097; Const. U. S. Amend. 14).**

Rev. St. 1925, arts. 1095, 1097, authorizing municipality to reassess property for improvements where prior assessments are found invalid, *held* not to deprive citizen of property without due process of law in violation of Const. U. S. Amend. 14.

11. **Constitutional law ⟨⟩137—Statute authorizing reassessment by municipality where prior assessments are invalid held not to impair obligation of contract (Rev. St. 1925, arts. 1095, 1097; Const. U. S. art. 1, § 10).**

Rev. St. 1925, arts. 1095, 1097, authorizing municipality to reassess property for improvements where prior assessments are found in-

valid, *held* not to impair the obligation of contract in violation of Const. U. S. art. 1, § 10.

12. **Constitutional law** ⬅⬉206(1)—Statute authorizing reassessment by municipality where prior assessments are invalid held not to abridge privileges and immunities of citizens (Rev. St. 1925, arts. 1095, 1097; Const. U. S. Amend. 14).

Rev. St. 1925, arts. 1095, 1097, authorizing municipality to reassess property for improvements where prior assessments are found invalid, *held* not to abridge privileges and immunities of citizens of the republic in violation of Const. U. S. Amend. 14.

13. **Eminent domain** ⬅⬉2(11)—Statute authorizing municipality to make reassessment where prior assessments are invalid held not to take private property without compensation (Rev. St. 1925, arts. 1095, 1097; Const. art. I, § 17).

Rev. St. 1925, arts. 1095, 1097, authorizing municipality to reassess property for improvements where prior assessments are found invalid, *held* not to take private property for public purpose without adequate compensation in violation of Const. art. 1, § 17.

14. **Constitutional law** ⬅⬉233—Statute authorizing municipality to make reassessment where prior assessments are invalid held not to deprive defendant of equal protection of law (Rev. St. 1925, arts. 1095, 1097; Const. U. S. Amend. 14).

Rev. St. 1925, arts.. 1095, 1097, authorizing municipality to reassess property for improvements where prior assessments are found invalid, *held* not class legislation depriving defendants of equal protection of law in violation of Const. U. S. Amend. 14.

15. **Municipal corporations** ⬅⬉414(3)—Contract obligating paving contractor to repair defects during five years after construction held not to invalidate assessments (Rev. St. 1925, arts. 1095, 1097).

Contract for construction of street improvement, guaranteeing pavement to be free from defective workmanship and materials and binding contractor to repair defects occurring within five years, *held* not contract to maintain improvement for such period, rendering invalid any subsequent assessment against property owner under Rev. St. 1925, arts. 1095, 1097.

16. **Municipal corporations** ⬅⬉339(3)—Contract guaranteeing pavement against defects of workmanship and material, but obligating city to repair defects from other causes, should be upheld.

Contract for construction of street improvement, guaranteeing pavement to be free from defects and obligating contractor to repair defects for five years, amounted merely to guaranty of workmanship and material in original improvement requiring city to pay for defects occurring from accidents or other causes, and should be upheld for benefit of public and property owners.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by the Uvalde Rock Asphalt Company against Frank H. Booth and wife, in which Raymond Edwards and wife were impleaded by plaintiff and in which defendants filed cross-actions. From a judgment denying defendants part of relief claimed in cross-actions, they appeal. Affirmed.

Frank H. Booth, of San Antonio, for appellants.

Kampmann & Burney, of San Antonio, for appellee.

SMITH, J. This suit was brought in the court below by the Uvalde Rock Asphalt Company, appellee herein, against Frank H. Booth and wife, to recover the amount of a paving 'certificate issued to appellee by the city of San Antonio in pursuance of a special assessment made by the city to cover the cost of street improvements in front of property then belonging to the Booths. After the suit was filed, Raymond Edwards and wife purchased the Booth property, whereupon they were impleaded in the suit by appellee. Booth and Edwards filed cross-actions, in which they set up that the assessment proceedings upon which the paving certificate was based were void and created no liability against the property owners. Edwards also claimed exemption from liability on the ground that he was an innocent purchaser of the property. Both defendants prayed for removal of the cloud cast upon their title by reason of the alleged void assessment proceedings, and for an injunction to restrain the city from reassessing the property, and from issuing any certificate upon the reassessment, and restraining the paving company from accepting or enforcing such certificate. The trial court sustained exceptions to the paving company's pleadings, and, in consequence of a refusal to amend, dismissed that company's suit. The court also rendered judgment removing cloud from title, but denied the defendants' prayer for injunction. Appellee prosecuted no appeal from the judgment dismissing its suit, nor from the judgment removing cloud, but Booth and Edwards have appealed from the order denying the injunction.

[1] Appellee filed and has urged in this court a number of cross-assignments of error, but as it filed no appeal bond and has therefore prosecuted no appeal to this court, its cross-assignments cannot be considered except as they may bear upon the matters presented in the appeal from the order denying injunctive relief to appellants Booth and Edwards.

The controlling contention presented by appellants is that the statutes authorizing municipal corporations to reassess property, where prior assessments are found to be invalid, is void. Those statutes, now embraced

in articles 1095 and 1097, R. S. 1925, are as follows:

"Art. 1095 (1014) *Reassessment.*—The governing body of any city shall be empowered to correct any mistake or irregularity in any proceedings with reference to such improvement, or the assessment of the cost thereof against abutting property and its owners, and in case of any error or invalidity, to reassess against any abutting property and its owner the cost or part of the cost of improvements, subject to the terms hereof, not in excess of the benefits in enhanced value of such property from such improvement, and to make reasonable rules and regulations for a notice to and hearing of property owners before such reassessment."

"Art. 1097. *Special Reassessment.*—In any case in which the public funds of a city or town may have been or may hereafter be expended, or its vouchers or certificates issued to any contractor, or any contract made therewith, for the special improvement, raising or lowering the grade of, opening, straightening, widening, paving, constructing or grading of any street, avenue, alley, sidewalk, gutter or public way, or any part thereof, and if for any reason, no part of the cost of such improvement has been borne by the abutting property or paid by the owner or owners thereof, either because an attempted assessment and enforcement thereof for the same was erroneous or void, or was so declared in any judicial proceeding, the governing body shall have the power to proceed at any time to specially assess or reassess such abutting property with such amount of the cost of such improvement as it deems proper, but in no event shall the amount exceed the special benefits such property receives therefrom by enhanced value thereto, the amount of such special benefits to be determined on a basis of the condition of such improvement as it exists at the time of such assessment or reassessment."

[2] In their first proposition appellants attack the trial court's conclusion of law that Edwards was not an innocent purchaser, for value, of the Booth property. There is no merit in this contention. The undisputed evidence conclusively shows that Edwards purchased the property with full notice, both actual and constructive, of the nature and extent of appellee's claim against Booth and the property. At that time the improvement had been made and completed by appellee, and Edwards knew it; the assessment certificate had been issued and delivered by the city to appellee, and, together with certified copy of the assessment ordinance, had been duly recorded in the appropriate county records; this suit had been instituted against Booth to recover, upon the certificate, the amount of the assessment and to foreclose the lien therefor against the property, and lis pendens notice of this suit had been duly filed and recorded in the appropriate county records; Edwards had examined an abstract of title of the property and had personal knowledge of the suit, and at the time of the purchase exacted of Booth a contract of indemnity to protect him against the very liability sought by appellee in this suit to fix upon him as the purchaser of the property while charged with the incumbrance sought to be enforced. We can conceive of no case where the claim of innocent purchase could be more completely refuted. If the property was legally charged with that incumbrance, then, of course, Edwards had complete notice of the incumbrance. Appellants' first proposition is overruled.

[3] Appellants contend in their second proposition that because the trial court rendered judgment removing cloud cast upon the property in controversy by reason of an invalid original assessment, the court should have granted appellants' prayer for injunction restraining appellee from seeking and causing a reassessment of the property. No error is presented by this proposition. If the original assessment was invalid—as to which we express no opinion because not presented in the appeal—an injunction might lie against any further effort to enforce that particular assessment; but a court of equity would have no power to restrain appellee from seeking or enforcing any other legal remedy to establish its rights. The law provides such remedy through a reassessment, and the trial court had no power in this action, relating to the original assessment and to removal of cloud by reason thereof, to cut appellee off from that remedy. We overrule appellants' second and fourth propositions relating to this question.

[4] But appellants attack the validity of the statutes providing for reassessment (articles 1095, 1097, R. S. 1925), advancing numerous grounds of such attack. It is contended, first, however, that the reassessment statutes do not apply to this case, because the ownership of the property assessed had changed hands since the original assessment was made, and that it is not contemplated in those statutes that such reassessment, when made, should be awarded against Booth, the former owner, or Edwards, who purchased subsequent to the original assessment. We conclude that the reasons upon which appellants ground this contention are technical and unsubstantial.

[5] The improvements were made in good faith by appellee under authority of the municipality, acting under its lawful powers, which, even if irregularly exercised in the first instance, still existed for the purpose of rendering regular that which had been irregularly done. The value of the property in controversy was thereby enhanced, to the benefit of the then owner, which benefit was passed on to the subsequent purchaser, who still enjoys it. Both the old and the new owners knew the improvements were made, that the value of the property was thereby enhanced, and also know and have known all the while that their proportion of the cost had not been paid. They knew and know that the work was done under the sanction

of law, and that any irregularity or vice in the proceedings under which it was done and the assessment made could and would be remedied by subsequent corrective proceedings, specifically authorized by law for just such cases.

[6, 7] The improvement of county highways and city streets is of great public concern, is a public necessity and duty, and the laws providing for such improvement, although to be strictly pursued, ought to be favored, and not irrationally applied, or subjected to strained construction, but, within reason, should be so construed as to more nearly accomplish the objects for which they were enacted. The statutes providing for reassessment for street improvements have been uniformly upheld and ought to be so. City of Dallas v. Atkins, 110 Tex. 627, 223 S. W. 170; Childress v. Carwile (Tex. Com. App.) 235 S. W. 543; Texas Bitulithic Co. v. Henry (Tex. Civ. App.) 197 S. W. 221; Gallahar v. Whitley (Tex. Civ. App.) 190 S. W. 757; Beatty v. Construction Co. (Tex. Civ. App.) 275 S. W. 716.

[8-14] Appellants contend that the reassessment statute is in contravention of the provision of article 1, § 16, of the state Constitution, prohibiting the Legislature from passing retroactive laws. The proposition is overruled for the very plain reason that the act under consideration is in no sense retroactive in its language or effect. Nor is the act violative of the provision of article 1, § 13, of the Constitution, that the courts of the state shall always remain open; nor of the provision of the Fourteenth Amendment to the federal Constitution that no citizen shall be deprived of his property without due process of the law; nor of section 10, art. 1 of the federal Constitution inhibiting the impairment of the obligations of contracts; nor of the provisions of the Fourteenth Amendment to the federal Constitution that no state shall make or enforce any law which will abridge the privileges and immunities of citizens of the republic; nor of the provision of article 1, § 17, of the state Constitution against the taking of private property for public purposes without adequate compensation. Nor does the statute constitute class legislation, nor will its enforcement in this case deprive appellants of the equal protection of the law guaranteed them by the Fourteenth Amendment to the federal Constitution. These objections to the statute are presented in appellants' fifth to eleventh propositions, which are overruled.

[15, 16] In the construction contract between the city and appellee the latter guaranteed the paving to be free of defective workmanship and materials, and in order to effectuate the guaranty bound itself to repair and correct any such defects occurring within five years, executing a bond in favor of the city to that end. Appellants contend that this amounted to a contract to maintain the improvement for the period stated, and that this provision would render invalid any subsequent assessment against the property owner, because it would necessarily increase the liability of the property owner beyond the cost of the actual improvement, as contemplated in the case of Hutcheson v. Storrie, 92 Tex. 699, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884. The trial court held against this contention, and we think correctly so. This phase of the contract amounted to no more than a guaranty of the workmanship and material put into the original improvement; the cost of all repairs and maintenance, rendered necessary from accidental or other causes not attributable to defective work or material, was to be paid for the city. Such contracts should be favored and upheld, not only in behalf of the public, but of the property owner as well, for both are benefited by it and none injured. If such contracts be denounced, both the property owner and the public would be helpless to protect themselves against careless or dishonest contractors, and the law will not be given a strained construction in order to accomplish such result. The twelfth proposition of appellant is accordingly overruled.

There is no merit in appellants' thirteenth, fourteenth, fifteenth, and sixteenth, the last, proposition, which will be overruled.

The judgment is affirmed.