**LUDTKE et al. v. CONTINENTAL INV. CO.**

No. 9995.

Court of Civil Appeals of Texas. Galveston.

Nov. 19, 1934.

Rehearing Denied Dec. 13, 1934.

. P. Harvey, of Houston, for plaintiffs in error.

Roberts & Orem and W. H. Graham, all of Houston, for defendants in error.

PLEASANTS, Chief Justice.

This suit was brought by the investment company, hereinafter designated appellee, against J. M. Ludtke and P. Harvey, hereinafter called appellants, to recover upon paving certificates issued by the city council of Houston to the National Paving Company, and thereafter transferred by said company to appellee.

These certificates had been issued for paving Clinton drive in the city of Houston; the property on which the lien is sought to be fixed and foreclosed being lots 7, 8, 9, and 10 and part of 11, in block 12, and on lots 2, 3, 4, 5, and 6 and part of lot 1, in block 13, Japhet's addition to the city of Houston, which property is owned one-half by J. M. Ludtke, Jr., and one-half by P. Harvey, in undivided interests.

Appellants' defense to the suit is:

"That they were the owners of the property, on which the lien is sought to be foreclosed, at the time and for a long time prior to the time the Council undertook to initiate the paving of Clinton Drive, and were in actual possession of the property; that the Council did not acquire jurisdiction to pave the street in front of the appellants' property and charge appellants or their property with any part of the cost of the pavement, because the Charter provides that when the Council undertakes to initiate the paving of a street it shall order a hearing on said proposed improvements and give owners of property abutting on the street notice of such hearing by publishing such notice in a newspaper and by registered mail addressed to such owners; and further provides that if the owners of forty-nine per cent of the front footage of property on such street object to the paving, the street shall not be paved; that the giving of such notice to each owner of property abutting on said street is an essential prerequisite to the power of the Council to order the paving; that the Council did not order that a hearing be given appellants of its purpose to initiate the paving of Clinton Drive, and did not afford them an opportunity to be heard on the proposition, or to register their objection to the paving, and did not give them any notice, by publication or otherwise, that Council would hold a hearing on the proposition of initiating the pav-

ing of said street; but, on the contrary, the Council directed that W. Ernest Japhet and Betty J. Pullen (neither of whom owned any interest whatever in said property) be notified of such hearing that the notice issued and published by Council declared that R. Ernest Japhet and Betty J. Pullen owned the property, and no notice of any kind was given to appellants of Council's proposed hearing on the initiation of the paving of said street; and, appellants not having appeared at said hearing or at any subsequent proceedings, Council did not acquire jurisdiction to order the paving of said street in front of and adjacent to appellants' property involved in this suit, and all acts of the Council done in reference to the paving of said street in front of their property and in attempting to fix a lien thereon for the payment of part of the cost of paving, as well as a personal liability therefor against appellants, are wholly null and void ab initio and created no liability on the part of appellants nor created a lien against their property.

"Appellants urged a general demurrer to the appellee's petition, which was overruled and appellants excepted.

"Trial was by the court, without a jury, and judgment was rendered in favor of appellee against appellants for the amount of the paving certificates, attorney's fees, and foreclosing paving lien on the property involved."

The foregoing statement of the nature and result of the suit is copied from appellants' brief. It is proper to supplement this statement by saying that the record shows that, in addition to the general demurrer and general denial filed by appellants, they presented special exceptions attacking the petition, on the ground that its allegations were mere legal conclusions, and it contained no allegations of fact sufficient to show that the city council acquired jurisdiction to order the improvement of the street, and also specially pleaded that the assessment on appellants' property was void because made against them jointly and without regard to their separate interests and liabilities in respect to the property.

These pleadings remained in this condition for more than a year, and on February 15, 1932, appellee filed an amended petition, which, after alleging in detail all of the original proceedings of the city council relating to the improvement of the street, including the issuance and delivery of the certificates, further alleges in substance:

"That on July 6, 1931 (after the filing of said answer) defendant in error filed an application with the City Council of said City asking for a reassessment; that the City granted this petition and fixed a time and place for hearing plaintiffs in error on the application for said reassessment and ordered notice thereof given; that notice was duly given of the time, place and purpose of such hearing; that said hearing was held at the time and place specified in said notice and was closed, and that the City governing body made a finding upon the question of benefits, and that on September 23, 1931, an ordinance was passed making a reassessment so as to correct any errors that might have existed in the original proceedings. The prayer in said amended petition was for judgment separately against plaintiffs in error so as to conform to said reassessment proceedings, and for foreclosure of the statutory lien against each respective owner as reassessed on his separate interests in said property. Plaintiffs in error did not file any amended answer in response to the amended pleading of defendant in error, nor did plaintiffs in error file any suit at any time for the purpose of setting aside any of the original or reassessment proceedings.

"The judgment in the trial court was in accordance with the rights of the parties as fixed by the reassessment proceedings and did not follow the original proceedings."

The evidence shows that on June 19, 1928, the city council of Houston passed a resolution reciting that the council had decided to initiate the improvement of Clinton drive (a street of the city of Houston) from its intersection with the east line of Bringhurst street to its intersection with the west line of Kress street. This resolution describes the kind of improvement proposed, and states the maximum costs therefor to the abutting property owners. It then directs the city engineer to prepare and file with the council complete specifications for the proposed improvement, together with a written statement of the names of all of the owners of property abutting on the street proposed to be improved within the limits named, with the number of front feet owned by each, describing the property of each owner by lot or block number, or in sufficient manner to identify it. The written statement as to the ownership of the abutting property furnished the council by the engineer in compliance with the resolution above mentioned sufficiently describes the property involved in this suit, but does not name the appellants as owners thereof, but gives the names of other persons as such owners. This statement was approved by the council, and it was ordered

674

that a hearing be given to all of the abutting property owners at a meeting of the council to be held in the council chamber of the city hall on July 5, 1928, at 11 o'clock a. m., then and there to register their objection to said improvements, if any they have, and show cause why such improvements should not be made, which objections with the names of the owners making them, or their agents or attorneys, would be registered by the city secretary in the minutes of the city council and become a part of the record. The city secretary was authorized and directed to give notice of this hearing to all the abutting property owners by publishing in a daily newspaper of general circulation in the city of Houston not less than three times prior to the date of such hearing, the first publication to be not less than ten days prior to that date, and shall also give notice by posting copies thereof in the post office in Houston, and by registered mail addressed to each of said property owners if the address is known.

Notice was given as directed, but, as appellants' names were not in the statements furnished by the engineer, no notice was sent to either of them by registered mail, nor did either of their names appear in the published notice.

The record of the proceedings by the city council shows that this hearing was held at the time and place stated in the notice, and states the names of the property owners who appeared and registered their objections to the improvement of the street. Among these objecting property owners, as shown by the council record, W. T. Ludtke is named as appearing for himself and for appellant P. Harvey, but appellee agrees that the record is incorrect in stating that Ludtke represented appellant Harvey at the hearing. There is no evidence indicating that the abutting property owned by the objecting property owners together with that owned by appellants amounted to 49 per cent. "of the front feet of property abutting" on the portions of the street proposed to be improved, and appellants do not contend otherwise.

All of the subsequent proceedings of the council in ordering the improvement made, in the execution of the paving contract, the hearing on the question of benefits, and the issuance of the certificates upon which the suit is brought, and the reassessment of appellants' property after due notice to them, were in accordance with the provisions of the city charter and the ordinances of the city.

Except for an objection that the property against which the assessment is made is not sufficiently described, appellants base their appeal on the following proposition: "In a suit on paving certificates, where plaintiff's petition shows on its face that the City Council of the City of Houston, in initiating the paving of a street, failed to give the notice required by its charter, to the owners of property fronting on said street, of the hearing to be had on the proposition whether the City Council should order the street paved in accordance with the front foot paving provisions of the charter, and charge a portion of the cost of paving against the abutting property and the owners thereof, failed to give notice to the owners of said property of such proposed hearing and failed to list the names of such owners in the notice published and given of the proposed hearing, but listed in such notice the names of other persons who owned no interest in such property—the plaintiff's petition fails to state a cause of action and is subject to general demurrer."

This proposition cannot be sustained. The charter provision under which the improvement of the street was ordered by the city council provides that the council shall first require the city engineer to prepare and file with council complete specifications for the proposed improvement, together with a written statement which shall contain the names of the persons, firms, or corporations and estates owning property abutting on the portions of the street or highway proposed to be improved, with the number of front feet owned by each and the description of their property either by lot or block number, or in any other manner sufficient to identify it, "and when the same shall have been prepared, the City Council shall by resolution order a hearing to be given before the City Council to such owners, their agents or attorneys, and set a time and place for the same, which shall be not less than ten days from and after the passage of such resolution, a notice of which shall be given by publication in some daily newspaper of general circulation in the City of Houston, not less than three times before the date set for the said hearing, the first publication to be not less than ten days prior to the date of said hearing, and shall also give notice of said hearing by posting copies of said notice in the post office in Houston, Texas, by registered mail, addressed to said property owners, if their addresses be known, but if not known, then to their agents or attorneys, if known. Said notices shall be posted not less than ten days prior to the date of the hearing, and unless at said hearing the owners of more than forty-nine per cent of the front feet of property abutting on the

highway or portion thereof proposed to be improved shall in open council register their objections thereto, which with the names of the objectors shall be entered by the Secretary in the minutes of the meeting, the City Council may after the conclusion of said hearing order the making of said improvements, and shall determine and fix the cost of the improvement."

While the published notice of the hearing on the question of improving the street did not give the names of appellants as the owners of the property involved in this suit and named other persons as such owners, the notice was by its express terms directed to all owners of the abutting property described in the notice.

As before stated, the appellees, soon after the filing of their original petition and the demurrer, exception, and answer thereto of appellants, proceeded under the provision of the city charter to obtain a reassessment of the property against appellants. This provision of the charter is as follows: "Whenever any error or mistake shall occur in any proceeding under this Article, it shall be the duty of the City Council to correct same; and whenever, for any reason, it shall appear that any assessment or claim for personal liability fixed or attempted to be fixed against any property or its owner hereunder is unenforceable on account of any error or invalidity in any of said proceedings, or the assessment of any property has been by error omitted, the City Council shall have power and it shall be its duty at any time to reassess against said property and its then owner the amount determined to be properly payable by said owner after notice to and hearing of said owner in the manner hereinafter provided. But no reassessment shall be made against any property in any amount in excess of special benefits thereto in enhanced value thereof by means of the improvement."

All of the requirements of the charter for obtaining such reassessment were complied with, and appellants were duly notified of the time and place for the hearing on the application for reassessment. The hearing was held at the time and place stated in the notice, and the council, after hearing the testimony offered, made the assessments against appellants' respective interests in the property separately, and fixed the personal liability of each of them.

It seems clear to us that these reassessment proceedings cured all defects in the original assessment.

The theory upon which appellants assail the validity of the assessments against them and their property is that, because of the defective notice to them of the hearing by the council on the question of the proposed improvement of the street, no jurisdiction was ever acquired by the council to make such improvements. The charter provision under which the proposed improvement was initiated expressly authorizes the council to order such improvement unless the owners of more than 49 per cent. of the foot frontage of the abutting property shall register their objections to such improvement. Under this provision of the charter, the jurisdiction of the council to order the street improved can only be defeated by the registered protest of the owners of 49 per cent. of the foot frontage of the abutting property, and there is no contention that there is any evidence that, if appellants had been notified of the hearing and had appeared and added their protest to that of the other objecting property owners, the registered objection would have amounted to more than 49 per cent. required by the charter to defeat the jurisdiction of the council to order the improvement. Such being the facts disclosed by the record, the reassessment cured any defect or irregularity in the original proceedings. The reassessment provisions of the charter were, in our opinion, manifestly intended to meet just such situations as are presented by this record. The following cases in our opinion fully sustain our conclusions above expressed: Gallahar v. Whitley (Tex. Civ. App.) 190 S. W. 757; Booth v. Uvalde Rock Asphalt Company (Tex. Civ. App.) 296 S. W. 345; Clark v. W. L. Pearson & Co. (Tex. Civ. App.) 26 S.W.(2d) 382, 383; Texas Bitulithic Co. v. Henry (Tex. Civ. App.) 197 S. W. 221.

There is no merit in appellants' contention that the property assessed by the city was not sufficiently described in the orders of improvement of the street and the assessment of the property. The charter only requires that the property be described by lot and block numbers or in such manner as to identify it. This requirement of the charter was met in all of the proceedings relating to the assessments.

These conclusions render it unnecessary to discuss and pass upon the remaining propositions presented in appellants' brief.

The judgment of the trial court must be affirmed, and it has been so ordered.

Affirmed.