**RATLIFF et ux. v. SMITH et al.**

No. 4339.

Court of Civil Appeals of Texas. El Paso.

Nov. 12, 1943.

Rehearing Denied Dec. 2, 1943.

Hearing by Supreme Court Denied Feb. 2, 1944.

Ben F. Vaughan, Jr., of Corpus Christi, and Crain, Vandenberge & Stofer, of Victoria, for appellant.

W. B. Moss, of Sinton, and Kleberg, Eckhardt, Mobley & Roberts, of Corpus Christi, for appellee.

PRICE, Chief Justice.

This is an appeal by Frank A. Ratliff and wife from a judgment of the District Court of San Patricio County, Texas. Frank A. Ratliff and wife, as plaintiffs, sued Ora Smith and Frank and Lillian Morris, husband and wife, to set aside conveyances by Ora Smith to Lillian Morris of a lot in the City of Aransas Pass and two hundred acres of land situated in San Patricio County. The grounds of relief urged were that on the date of the conveyances defendant Ora Smith was indebted to plaintiffs in a sum in excess of seven thousand dollars; that the conveyances were voluntary and without consideration, and that at the date thereof Ora Smith was not seized of sufficient property to pay her debts.

In substance the defenses plead were that the two hundred acres was on the date of the conveyance the homestead of Mrs. Smith; further, that the consideration of the conveyances was a promise and agreement on the part of Lillian Morris to Mrs. Smith.

The trial was to the court without a jury. Judgment was entered setting aside the conveyance to the lot in the City of Aransas Pass, but in favor of defendant as to the conveyance as to the two hundred acres of rural lands. Ratliff and wife have perfected this appeal.

Appellants have abandoned here all claim except as to an eighty-acre tract, a part of the two hundred acres described in the assailed conveyances.

The facts are undisputed. The conveyances were without consideration and at the date thereof Ora Smith was indebted to Frank Ratliff in the amount stated in his petition. The property conveyed was all of the property possessed by Mrs. Ora Smith. This being the case, unless the eighty acres involved was at the time of this conveyance the homestead of Ora Smith, the conveyance thereof should have been set aside. If it was her homestead, the assailed judgment is correct, even though the conveyance was without consideration. Willis v. Mike, 76 Tex. 82, 13 S. W. 58; Scheuber v. Ballow, 64 Tex. 166; Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S.W. 86, 132 Am.St.Rep. 896.

In 1901 Ora Smith, then a widow by the name of Ora Southern, married R. R. Smith. This marriage was dissolved by

the death of Smith in August, 1915. No children were born of the marriage. Mrs. Smith had one child, Lillian Morris, by her former marriage. R. R. Smith died intestate, and at the time of his death his wife Ora Smith was his sole surviving heir.

By deed dated October 31, 1908, W. L. Dusenberry conveyed to R. R. Smith the east one-half of Section No. 72, of George H. Paul's Subdivision in San Patricio County, consisting of 320 acres. In 1912 Mr. and Mrs. Smith moved on this tract of land and jointly occupied same as their homestead up to the date of his death in 1915. After her husband's death Mrs. Smith continued to occupy and reside upon this 320 acre-tract as a home, but thereafter she was never the head of a family.

On October 7, 1918, Alice C. Sullivan conveyed to Ora Smith an eighty-acre tract of land, the east one-half of the northwest one-fourth of Section 72. This is the tract in controversy here. It lies immediately west of the 320-acre tract then occupied by Mrs. Smith as a home, and its east line is part of the west line of the 320-acre tract.

On March 18, 1931, Mrs. Smith conveyed to C. B. Jones a tract of 200 acres, being the southeast quarter of said Section 72 and the south forty acres of the northeast quarter of Section 72. After this conveyance there remained in Mrs. Smith title to two hundred acres. This tract was composed of 120 acres out of the original 320-acre tract and the eighty additional acres purchased from Alice C. Sullivan on October 7, 1918.

After the purchase of the eighty-acre tract Mrs. Smith continued to use the entire four hundred acres as a farm, residing on the original 320 acres. After she sold the two hundred-acre tract to C. B. Jones in 1931, she continued to reside on the two hundred acres which she had not sold. The house was on the 120-acre tract retained from the 320-acre tract which had been originally dedicated by her husband as a homestead.

On December 20, 1939, Mrs. Smith conveyed to Lillian Morris this latter two hundred-acre tract composed, as aforesaid, of 120 acres of the 320-acre tract she inherited from her husband and the 80-acre tract she purchased from Alice C. Sullivan on October 7, 1918. The indebtedness due from Ora Smith to the Ratliffs was due and payable on the 28th day of April, 1938, and same was not secured by a lien on real property and is due and unpaid.

Sections 50 and 51 of Art. 16 of the Constitution, Vernon's Ann.St., provide for the homestead exemption of a family. Section 50 creates the exemption; Section 51 limits the homestead. Section 52, among other things, gives the surviving spouse the right of occupancy of the homestead during life.

■ Under the undisputed testimony the two hundred acres of the 320-acre tract dedicated by R. R. Smith and his wife by occupancy as a homestead was such. When it descended to his wife two hundred acres thereof was her homestead so long as she elected to occupy same as such. Sec. 52, Art. 16, Constitution.

By virtue of Sec. 52 of said article of the Constitution, the 120 acres retained by her out of the 320-acre tract was her homestead on the date she conveyed same to her daughter Lillian Morris. As her homestead, it was exempt from the debt of the Ratliffs. This being the case, the Ratliffs had no right to assail same. Willis v. Mike, 76 Tex. 82, 13 S.W. 58.

■ The homestead of the family is initiated by the dedication thereof by the head of the family. Dedication of a rural homestead is accomplished by occupancy thereof by the head of the family as a place of residence and the use thereof for the support of the family.

■ At the death of R. R. Smith, the tract occupied as a home exceeded by 120 acres the limit provided for by the Constitution. Arts. 3841–3859 govern the situation. Under these articles the head of the family had a right to designate any specific two hundred acres as a homestead. Prior to the death of Mr. Smith the occasion for this never arose. On the death of Mr. Smith the homestead right attached to the tract of land, or was continued in Mrs. Smith for the duration of her life, by virtue of Sec. 52, Art. 16, Constitution. At the time Mrs. Smith acquired the additional eighty acres in question here, the 320 acres inherited from her husband was impressed with her homestead right; even though she was then the head of a family, which she was not, she could not dedicate a new homestead without abandoning the old. At the time she acquired the additional eighty acres her only daughter, Lillian Morris, was a married woman.

Beyond any question, in 1931, when Mrs. Smith sold two hundred acres of the original 320-acre tract upon which she and her

husband had resided, she was not the head of a family. Not being the head of a family, she had not the legal capacity to dedicate a homestead. Then, unless prior to this sale, the entire four hundred acres was subject to the homestead right, she could not establish a new homestead as to the eighty acres which was not a part of the homestead dedicated by her husband.

■■ It is elementary, we think, where a rural homestead is established on a tract in excess of two hundred acres that sales of portions thereof do not affect the homestead right in the retained land. A surviving husband or wife may exchange the homestead for another,—may sell the homestead and invest the proceeds to acquire a new homestead. This, even though at the time of such exchange or reinvestment the surviving husband or wife be not the head of a family. Watkins v. Davis, 61 Tex. 414; Schneider & Bro. v. Bray, 59 Tex. 668.

Under the facts here there was no exchange of a homestead; there was no sale of the homestead with the intention to reinvest the proceeds in the acquisition of a new home.

Appellant urges that the case of Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35, has application here. In considering this case it must be borne in mind that Woods, at the time he acquired the additional land, was the head of a family. That fact distinguishes the case from this. Mrs. Smith, at the time she acquired the additional land, was not the head of a family; further, she was possessed of a rural homestead of two hundred acres.

The case of Chamberlin v. Leland, 94 Tex. 502, 62 S.W. 740, has some, though not controlling, application here. Leland, a surviving husband, was possessed of an urban homestead. After he ceased to be the head of a family (his only son having become of age), he sold same. Part of the proceeds he used to make a payment on an incumbrance on a 2200-acre tract of land he owned; with part he erected a house on the land. He took possession of two hundred acres of the 2200-acre tract and claimed it as a home, thereafter he sold the other two thousand acres. It was held there was no homestead right in the two hundred acre tract. The reason was, he was not the head of a family, hence could not dedicate a homestead. The transaction did not represent an exchange; there was not a sale and the proceeds reinvested in a new homestead.

Here, the additional eighty acres acquired by Mrs. Smith was not by exchange, for she retained her original homestead in its entirety. Before she sold the two hundred acres of the old homestead she had acquired the additional eighty acres.

It is our considered and deliberate opinion that a homestead right in favor of Mrs. Smith was never imposed on the eighty acres in question here. The use of same in connection with the two hundred acres subject to that right did not impress same with the homestead right in her favor. Her homestead right was confined to the 320 acres inherited from her husband. Her sale of a portion of the dedicated homestead did not shift the homestead right to the eighty acres acquired in 1918.

Let us assume, for the purpose of discussion, that the 320 acres inherited from her husband had been only 100 acres. In this event, it could not be logically contended that she, not being the head of a family, could acquire additional land and impress it with the homestead exemption. It seems elementary that only one having the right to dedicate a homestead can acquire additional land up to the limit of the Constitution and make it part of a homestead.

■ In none of the cases cited by counsel in their briefs has the exact question presented here been reflected. In our investigation we have been unable to find any precedents other than those cited by counsel that are helpful here. The case of Chamberlin v. Leland, 94 Tex. 502, 62 S.W. 740, which we have before discussed, is in our opinion strongly persuasive here. A surviving spouse not the head of a family cannot dedicate a homestead.

The facts in this case have been fully developed. Judgment in favor of the defendant as to the eighty acres in question was based on the finding that the property was the homestead of Ora Smith on the date of its conveyance.

It is therefore ordered that the judgment be affirmed setting aside the conveyance of the lot in the City of Aransas Pass; that the judgment in so far as it denied all relief as to the conveyance of the two hundred acres of land be reversed, and judgment is here rendered setting aside the conveyance of the eighty acres of land

142

acquired by Mrs. Smith from Alice C. Sullivan in 1918, but denying plaintiffs all relief as to the other 120 acres conveyed by the assailed deed.

WALTHALL, J., not participating.